ROBERT H. SCUDDER, Third-Party Plaintiff-Appellant, v. HANOVER IN-SURANCE COMPANY *et al.*, Third-Party Defendants-Appellees.

Second District   No. 2—89—0783

Opinion filed August 23, 1990.

Phyllis Lamken, of Holmstrom & Green, of Rockford, for appellant.

Justin J. Power and Patrick T. Walsh, both of O'Connor, Schiff & Myers, of Chicago, and John P. McTighe, of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Third-party plaintiff, Robert Scudder, appeals from an order of the circuit court of Du Page County granting summary judgment to third-party defendants, Hanover Insurance Company (Hanover), and Economy Fire and Casualty (Economy). On appeal, Scudder maintains that an issue of fact existed as to whether he subjectively intended to harm four adolescent boys that he sexually molested, thus precluding entry of summary judgment on the issue of whether Scudder's homeowners policies with Hanover and Economy provided coverage to him for damages suffered by the boys as a result of the sexual assaults. Scudder also argues that Hanover and Economy were estopped from denying him coverage. We affirm.

The four boys filed a complaint against Scudder on January 3, 1985, which they subsequently amended twice. In the second amended complaint, the first boy alleged that Scudder took him on a fishing trip which began on July 16, 1984. At one point during the course of the trip, Scudder intentionally fondled the sexual organs of the boy, who was 13 years old at the time. Approximately one year earlier, Scudder had intentionally fondled the boy's sex organs while they were in Scudder's home in Darien.

Two other boys alleged in the second amended complaint that Scudder intentionally fondled their sex organs during the July 1984 fishing trip. One of the boys was 14 years old at the time; the other was 12. The boys further alleged that, during the trip, Scudder caused their hands to come into contact with his penis for the purpose of his sexual gratification. A fourth boy alleged that, on several occasions during June and July 1984, Scudder intentionally fondled his sex organs. The boy was 13 years old at the time.

Scudder was arrested in Kentucky during the fishing trip after one of the boys reported him to the local police. Charges were subsequently brought against him in the circuit court of Du Page County. Scudder eventually pleaded guilty to four counts of taking indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4). The court sentenced him to one year of periodic imprisonment and a four-year term of probation. Two of the four counts related to incidents that were also alleged in the underlying civil suit by the four boys.

At the time of the alleged sexual assaults mentioned in the complaint filed by the four boys, Scudder was insured by both Hanover and Economy. Scudder's homeowners policy with Hanover provided coverage for bodily injury to others but contained a clause which excluded coverage for bodily injury "which is expected or intended by the insured."

Scudder also had a personal catastrophe liability policy that had been issued by Hanover. This policy provided coverage for personal injury to others and defined personal injury as follows:

> "Physical injuries to a person including but not limited to death, and injuries to a person's feelings or reputation; such as mental injury, mental anguish, shock, libel, slander, defamation of character, invasion of privacy or false arrest, so long as these injuries are not intended by you."

The policy went on to state as follows:

> "If you intended to cause the property damage or personal injury, you are not covered except for assault and battery committed to save life or property."

The homeowners policy issued to Scudder by Economy provided coverage for bodily injuries to others. The policy also contained a clause which excluded coverage for bodily injury "which is expected or intended by the insured." An endorsement to the policy amended the definition of bodily injury to include personal injury if the insured paid an additional premium, which Scudder did. The endorsement defined personal injury as bodily injury, sickness, disease, death, disability, shock, mental anguish, or mental injury resulting from false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, humiliation, libel, slander, invasion of privacy, assault and battery committed for the purpose of protecting persons or property, or assault and battery not committed by or at the direction of a covered person. The exclusion for injuries "which are expected or intended by the insured" did not apply to personal injury coverage. The policy did state, however, that personal injury coverage does not apply to injury caused by violation of a penal law committed by the insured.

Scudder had additional liability coverage as a result of an estate protector umbrella liability endorsement issued by Economy for which Scudder paid an additional premium. The endorsement stated that the additional coverage does not apply to "an act committed by a covered person with intent to cause personal injury or property damage."

Economy and Hanover paid for independent counsel to defend Scudder in the action brought by the four boys for approximately one

year. Both companies informed Scudder early in 1986, however, that they would no longer do so because their policies did not cover injuries resulting from the alleged sexual assaults. On February 27, 1986, Scudder filed a third-party complaint in which he sought a declaratory judgment that Economy and Hanover were obligated to defend and indemnify him in the underlying action brought by the four boys.

A jury trial was held in the underlying action in June 1987. The jury awarded compensatory and punitive damages to each of the four boys. Economy and Hanover subsequently filed motions for summary judgment in Scudder's declaratory judgment action. The trial court entered an order on February 16, 1989, granting summary judgment to Economy and Hanover. Scudder filed a timely notice of appeal following the denial of his motion to reconsider.

■ Scudder contends that Economy and Hanover had a duty to pay for his defense in the underlying action brought by the four boys. An insurance company's obligation to provide or pay for counsel for its insured depends upon the allegations of the complaint and the applicable provisions of the insurance policy. (*Altaf v. Hanover Square Condominium Association No. 1* (1989), 188 Ill. App. 3d 533, 542.) The insurer must defend its insured if the complaint alleges facts which are within or potentially within policy coverage. (*West American Insurance Co. v. Vago* (1990), 197 Ill. App. 3d 131, 136.) In determining whether there is a duty to defend, the allegations of the complaint must be construed liberally, and any doubts must be resolved in favor of the insured. *Vago*, 197 Ill. App. 3d at 136.

In *Vago*, the underlying tort complaint was filed by a country club waitress who alleged that, while she was working, defendant grabbed her from behind, locked his arms around her waist and prevented her from escaping, and thrust his pelvis against her buttock several times while he had an erection. (197 Ill. App. 3d at 133.) Two insurance companies which had issued homeowners policies to defendant filed an action for a declaratory judgment that they had no duty to defend or indemnify him with regard to the tort action. Both policies excluded coverage for bodily or personal injury "which is expected or intended by the insured." 197 Ill. App. 3d at 134.

This court held in *Vago* that there was no duty to defend or indemnify, relying in part on our supreme court's decision in *Bay State Insurance Co. v. Wilson* (1983), 96 Ill. 2d 487. In *Bay State,* the court considered an exclusionary provision nearly identical to the one in *Vago* and stated that injuries of such a nature that they should have been reasonably anticipated by the insured are "expected" injuries

under such a provision. (*Bay State*, 96 Ill. 2d at 491.) Applying this principle in *Vago*, this court stated that the underlying tort complaint alleged that defendant deliberately sexually assaulted the waitress and he must have been aware that such conduct was practically certain to cause her to suffer emotional injuries. (*Vago*, 197 Ill. App. 3d at 137.) Accordingly, we concluded that the exclusionary provisions in the two policies were applicable and there was no coverage. 197 Ill. App. 3d at 137-38.

■ The Hanover homeowners policy contained an exclusion for injuries "expected or intended by the insured," just as the policies did in *Vago*. The underlying complaint in this case alleges that Scudder deliberately sexually assaulted four minor boys. Since the alleged victims were minors, the potential for emotional harm was even greater than in *Vago*, and Scudder should have reasonably anticipated such harm would result from his actions. We therefore conclude the above exclusionary provision was applicable, and the Hanover homeowners policy provided no coverage with respect to the allegations of the four boys.

The Economy homeowners policy, which provided coverage for bodily injury to others, also contained the above exclusion. An endorsement to that policy, however, added personal injury to the definition of bodily injury and defined personal injury as injury resulting from a number of specified tortious acts. The endorsement stated that the exclusion for injuries intended or expected by the insured did not apply to personal injury liability. The exclusion still applied to actions within the original definition of bodily injury, however.

■ The additional personal liability coverage clearly does not apply because of the provision excluding coverage for injuries caused by violation of a penal law committed by the insured. The actions alleged in the underlying complaint were each violations of the criminal statute prohibiting adults from taking indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4). Therefore, the endorsement adding coverage for personal injury to the bodily injury coverage in the Economy policy was not applicable. Since the exclusion for injuries intended or expected by the insured is applicable to the original bodily injury coverage, and, as we have seen, that exclusion applies to Scudder's alleged sexual assaults, there is no coverage under the Economy homeowners policy or the endorsement adding coverage for personal injury to the bodily injury coverage.

The Hanover personal catastrophe liability policy and the Economy estate protector umbrella liability did not contain the exclusionary clause that was present in *Vago* and the other policies in this case.

Instead, the Hanover personal catastrophe policy stated the insured party was not covered "if [he] intended to cause the property damage or personal injury." The Economy estate protector umbrella liability endorsement excluded coverage for acts "committed by a covered person with intent to cause personal injury or property damage." Scudder argues that since he testified at his deposition that he did not intend to harm the boys when he molested them, a question of fact remains concerning the applicability of these exclusions which should have precluded entry of summary judgment.

■■ In *Cowan v. Insurance Co. of North America* (1974), 22 Ill. App. 3d 883, the court considered the meaning of an insurance policy exclusionary provision which, like the two provisions mentioned in the preceding paragraph, excluded coverage for any act committed by the insured with intent to cause personal injury. The court held that such a provision only absolves an insurance company from liability if the insured acted with specific intent to cause harm to a third party. (*Cowan*, 22 Ill. App. 3d at 892-93.) *Cowan* was recently cited with approval in *Allstate Insurance Co. v. Carioto* (1990), 194 Ill. App. 3d 767, 778. Furthermore, our supreme court has stated that the terms "expected" and "intended" in an insurance policy exclusionary clause are not synonymous and that a greater degree of proof is required to establish intent than expectation (*Bay State Insurance Co. v. Wilson* (1983), 96 Ill. 2d 487, 494), providing additional support for the holding in *Cowan*. We agree with Scudder that, under Illinois law, policy provisions excluding coverage for acts committed by the insured with intent to cause personal injury will only exclude coverage if the insured acted with specific intent to injure, unless the policy states otherwise.

The vast majority of jurisdictions which have considered cases involving the applicability of policy exclusions such as the one in *Cowan* to situations involving sexual abuse have determined that it will be inferred as a matter of law from such conduct that the insured intended to injure the victim or victims and have denied coverage. (See, *e.g.*, *Allstate Insurance Co. v. Kim W.* (1984), 160 Cal. App. 3d 326, 332, 206 Cal. Rptr. 609, 613; *Altena v. United Fire & Casualty Co.* (Iowa 1988), 422 N.W.2d 485, 490; *Harpy v. Nationwide Mutual Fire Insurance Co.* (1988), 76 Md. App. 474, 487, 545 A.2d 718, 725; *Linebaugh v. Berdish* (1985), 144 Mich. App. 750, 757, 376 N.W.2d 400, 405; *Fireman's Fund Insurance Co. v. Hill* (Minn. 1982), 314 N.W.2d 834, 835; *Atlantic Employers Insurance Co. v. Tots & Toddlers Pre-School Day Care Center, Inc.* (1990), 239 N.J. Super. 276, 284, 571 A.2d 300, 304; *Allstate Insurance Co. v. Thomas* (W.D. Okla. 1988), 684 F. Supp.

1056, 1060 (applying Oklahoma law); *Rodriguez v. Williams* (1986), 107 Wash. 2d 381, 387, 729 P.2d 627, 630; *Horace Mann Insurance Co. v. Leeber* (W. Va. 1988), 376 S.E.2d 581, 587; *N.N. v. Moraine Mutual Insurance Co.* (1990), 153 Wis. 2d 84, 91, 450 N.W.2d 445, 450.) In several cases, courts have refused to make such an inference. See, *e.g., MacKinnon v. Hanover Insurance Co.* (1984), 124 N.H. 456, 471 A.2d 1166; *Allstate Insurance Co. v. Mugavero* (1989), 142 Misc. 2d 361, ____, 537 N.Y.S.2d 961, 963-64.

■■ Scudder argues that this court should not consider out-of-State authorities on this issue because Illinois courts will only look to the law of other jurisdictions as persuasive authority in the absence of Illinois authority on the point of law in question. (*People ex rel. Watson v. Spinka* (1978), 58 Ill. App. 3d 729, 734.) We have looked to Illinois cases in determining that the policy exclusions for acts committed by the insured with intent to cause personal injury only apply if the insured specifically intended to harm the victim or victims. The issue of whether such specific intent to injure should be inferred as a matter of law in cases involving sexual abuse, however, is a question of first impression in Illinois. We note that in several of the aforementioned cases from other jurisdictions, the courts have determined that similar policy exclusions would only apply if the insured specifically intended to injure the victim, but they have still held such an inference should be made. (See *e.g., Linebaugh v. Berdish* (1985), 144 Mich. App. 750, 755, 376 N.W.2d 400, 403-04; *Fireman's Fund Insurance Co. v. Hill* (Minn. 1982), 314 N.W.2d 834, 835; *Rodriguez v. Williams* (1986), 107 Wash. 2d 381, 387, 729 P.2d 627, 630; *Horace Mann Insurance Co. v. Leeber* (W. Va. 1988), 376 S.E.2d 581, 585 n.7.) It is clearly appropriate for this court to consider cases from other jurisdictions in determining whether an inference of intent to harm as a matter of law is appropriate in sexual abuse cases involving minors.

■■ We agree with the majority view that such an inference should be made as a matter of law. Courts which have recognized such an inference have done so in large part because of the inevitability of injury in sexual abuse cases, especially when the victims are minors. (See *Allstate Insurance Co. v. Kim W.* (1984), 160 Cal. App. 3d 326, 332-33, 206 Cal. Rptr. 609, 613; *Linebaugh,* 144 Mich. App. at 757, 376 N.W.2d at 405; *Leeber,* 376 S.E.2d at 585.) Such an inference is also consistent with this court's recent conclusion that emotional harm is practically certain to result from sexual assaults. (See *West American Insurance Co. v. Vago* (1990), 197 Ill. App. 3d 131, 137.) Although Scudder's sexual contacts with the minors in this case did not involve penetration and apparently did not involve the use of force,

courts have not hesitated to apply the above inference in cases involving "nonviolent" sexual abuse. (See *Allstate Insurance Co. v. Thomas* (W.D. Okla. 1988), 684 F. Supp. 1056, 1058-59; *Leeber*, 376 S.E.2d at 585-86.) In our view, these cases properly recognize the inevitably of emotional harm to minors from sexual abuse in all forms even if the abuse was not accomplished through violence or threats of violence.

■ We therefore conclude that the trial court acted properly by inferring as a matter of law that Scudder intended to injure the four boys when he molested them. Therefore, the exclusionary provisions in the Hanover personal catastrophe liability policy and the Economy estate protector umbrella liability endorsement for intentionally caused injuries were applicable, and there was no coverage under the Hanover or Economy policies with respect to the actions alleged in the complaint brought by the four boys. Hanover and Economy therefore had no duty to defend Scudder or pay for his defense. Since there was no duty to defend Scudder, the companies also had no duty to indemnify him. *Vago*, 197 Ill. App. 3d at 138.

■ Scudder argues that Hanover and Economy were estopped from raising a defense of noncoverage. He cites *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 452, for the proposition that if an insurer refuses to defend, it is estopped from later alleging that the insured was not covered under the policy. (*La Rotunda*, 87 Ill. App. 3d at 452.) The court went on to state in *La Rotunda*, however, that if there is clearly no coverage when the policy and underlying complaint are examined, then there is no estoppel. (87 Ill. App. 3d at 452.) Since we have determined as a matter of law that there is no coverage with regard to the actions alleged in the four boys' complaint, we conclude there is no estoppel.

For the above reasons, the order of the circuit court of Du Page County granting summary judgment to Economy and Hanover is affirmed.

Affirmed.

McLAREN and REINHARD, JJ., concur.