SECOND DIVISION

DECEMBER 14, 1999

No. 1-98-3044

THE HARTFORD INSURANCE COMPANY OF ) APPEAL FROM THE

ILLINOIS, ) CIRCUIT COURT OF

) COOK COUNTY

Plaintiff-Appellant, )

)

v. )

)

ROBERT KELLY, ) No. 97-CH-6165

)

Defendant-Appellee )

)

(Tiffany Hawkins, ) THE HONORABLE

) RONALD C. RILEY,

Defendant). ) JUDGE PRESIDING.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, the Hartford Insurance Company of Illinois (the insurance company), brought an action against its policyholder, Robert Kelly, seeking a declaration that it owed no duty to defend or indemnify its insured under a homeowner's policy for an underlying lawsuit brought by Tiffany Hawkins in the circuit court of Cook County.  On cross-motions for judgment on the pleadings, the circuit court entered judgment for Kelly and against the insurance company, reasoning that the insurance company owed Kelly a duty to defend because there were sufficient facts pled in the underlying complaint to give rise to coverage.  The insurance company appeals, contending that: (1) since Kelly's insurance policy excluded coverage for bodily injuries that are "expected or intended," the underlying complaint against him for sexual misconduct against a minor absolves the company's duty to defend under the policy; and (2) the lower court erred in granting Kelly's cross-motion for judgment on the pleadings, as it never ruled on the other policy provisions establishing no coverage.

For the reasons articulated below, we reverse.

BACKGROUND

The insurance company issued a new homeowner's policy to Kelly for the time period of March 16, 1994, to March 16, 1995, at an annual premium of $976.  The policy protected Kelly for personal liability losses and provided:

"If a claim is made or a suit brought against [Kelly] for damages because of bodily injury or property damage caused by Liability [
sic
] an occurrence to which this coverage applies, [the insurance company] will: *** provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent."

"Occurrence" is defined therein as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in:  (a) bodily injury, or (b) property damage."  The policy further provided, however, that it did not apply to bodily injury or property damage that was "expected or intended" by the insured.

On February 18, 1997, Hawkins filed a 24-count first amended complaint at law against Kelly and seven separate corporate entities.  As to Kelly, an entertainer and recording artist known as "R. Kelly," the complaint contained a series of allegations under separate counts of negligence, intentional sexual battery and sexual harassment.  In both the negligence and intentional sexual battery counts of the underlying complaint, it was alleged:

"2. Commencing on or about the year of 1991, the defendant, ROBERT KELLY, engaged in improper sexual conduct including intercourse with the plaintiff, TIFFANY HAWKINS, in that the plaintiff, TIFFANY HAWKINS, was a minor.

3. Beginning in 1991 up to and including October of 1994, defendant, ROBERT KELLY, was negligent in one or more of the following ways:

a. Engaged in inappropriate sexual contact with the plaintiff, TIFFANY HAWKINS, including but not limited to, engaging in group sexual intercourse with the plaintiff, TIFFANY HAWKINS, and other minors;

b. Encouraged and engaged in inappropriate, intimate sexual contact with a minor;

c. Was in violation of criminal statutes of the State of Illinois in engaging in sexual intercourse with a minor;

d. Encouraged and engaged in conduct which defendant, ROBERT KELLY, knew or should have known was likely to cause severe emotional harm to plaintiff, TIFFANY HAWKINS."

The sexual harassment count alleged similar facts but was later dismissed by the circuit court.

Upon receipt, Kelly tendered the complaint to the insurance company for defense under his homeowner's policy.  The insurance company denied Kelly's request for a defense and, instead, filed an amended complaint for declaratory judgment in the circuit court of Cook County on May 19, 1997.  Therein, the insurance company sought a declaration that it had no duty to defend or indemnify Kelly in connection with the civil action against him, alleging six reasons for excluding coverage under Kelly's policy: (1) the allegations within the underlying complaint constituted "intentional behavior" that did not give rise to an "occurrence" under the policy; (2) Kelly did not give the insurance company notice of an "occurrence" as soon as possible, as was required under the policy; (3) the underlying complaint alleged "bodily injury" that was outside of the policy period; (4) the allegations within the underlying complaint constituted "intentional behavior" that falls within the "expected and intended" exclusion of the policy; (5) to the extent the allegations of the underlying complaint arose out of Kelly's business pursuits, they fell within the policy exclusion for damages "arising out of or in connection with a business engaged in by [Kelly]"; and (6) the allegations of the underlying complaint "may constitute a loss in progress" or a "known loss."

On December 8, 1997, Kelly answered and counterclaimed, alleging that the insurance company breached its obligation to defend in that the underlying complaint, at a minimum, gave rise to potential coverage under applicable Illinois law and the terms of the policy.

In response, on February 23, 1998, the insurance company filed a motion for judgment on the pleadings, contending that, because allegations of direct sexual misconduct by Kelly were contained in the underlying complaint, they gave rise, as a matter of law, "to inferred specific intent to harm, and thus coverage [was] precluded under Kelly's homeowner's policy."  On March 23, 1998, Kelly filed a cross-motion for judgment on the pleadings, requesting a declaration that the insurance company had a duty to defend because the allegations of the underlying complaint gave rise to covered or potentially covered claims under the policy.

On June 4, 1998, after hearing argument, the circuit court denied the insurance company's motion and granted Kelly's cross-

motion for judgment on the pleadings.  Specifically citing to the Fifth District Appellate Court's ruling in 
Shell Oil Co. v. AC&S, Inc.
, 271 Ill. App. 3d 898, 649 N.E.2d 946 (1995), the lower court found "sufficient facts in the underlying complaint to warrant coverage."

On July 15, 1998, the insurance company filed a motion to reconsider, seeking reconsideration of the lower court's order in light of Illinois case law previously tendered to the court and relied upon by the insurance company regarding the "inferred intent" doctrine.  In the alternative, the insurance company requested a clarification that its motion for judgment on the pleadings was denied only as to counts I and IV.

On July 22, 1998, the circuit court entered an order stating that "the intended purpose of a motion to reconsider is to bring to the court's attention changes in the law or errors in the court's previous application of existing law," citing 
Kaiser v. MEPC American Properties, Inc.
, 164 Ill. App. 3d 978, 518 N.E.2d 424 (1987).  The court found that it did not misapply existing case law and, as such, it denied the insurance company's motion for reconsideration.

On August 18, 1998, the insurance company timely filed its notice of appeal.

DISCUSSION

This is an action for declaratory relief (see 735 ILCS 5/2-

701 (West 1996)) in which the circuit court granted defendant's cross-motion for judgment on the pleadings (see 735 ILCS 5/2-

615(e) (West 1996)).  A motion for judgment on the pleadings is like a motion for summary judgment limited to the pleadings.  
Employers Insurance of Wausau v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 138, 708 N.E.2d 1122, 1129 (1999).  Thus, judgment on the pleadings is proper " '[i]f the admissions in the pleadings disclose that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.' "  
Employers Insurance
, 186 Ill. 2d at 138, 708 N.E.2d at 1129, quoting 3 R. Michael, Illinois Practice §27.2, at 494 (1989).  As our review of the case at bar hinges on the construction of an insurance policy, it is 
de novo
.
  
American States Insurance Co. v. Koloms
, 177 Ill. 2d 473, 479-80, 687 N.E.2d 72, 75 (1997); 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108, 607 N.E.2d 1204, 1212 (1992).

Generally, in Illinois, an insurance company's obligation to provide or pay for counsel for its insured depends upon the allegations of the complaint and the applicable provisions of the insurance policy.  
West American Insurance Co. v. Vago
, 197 Ill. App. 3d 131, 136, 553 N.E.2d 1181, 1184 (1990).  In cases where the underlying claim involves conduct that resulted in injuries that are either "expected or intended" by the insured, the insurance company is absolved from liability (see 
Scudder v. Hanover Insurance Co.
, 201 Ill. App. 3d 921, 927, 559 N.E.2d 559, 562 (1990)) because it is believed that the insured acted with specific intent to injure or cause harm to a third party (
Cowan v. Insurance Co. of North America
, 22 Ill. App. 3d 883, 892-93, 318 N.E.2d 315, 325 (1974)).

" 'A person who sexually abuses a minor cannot expect his insurer to cover his misconduct and cannot escape personal liability by claiming that he did not intend to cause any harm.  In situations such as this, 
injury always ensues
, and we conclude that one who manipulates children for his own sexual gratification intends any resulting injuries, as a matter of law.' "  (Emphasis in original.)  
Western States Insurance Co. v. Bobo
, 268 Ill. App. 3d 513, 520, 644 N.E.2d 486, 491 (1994), quoting 
Foremost Insurance Co. v. Weetman
, 726 F. Supp. 618, 622 (W.D. Pa. 1989).

Accordingly, where an underlying complaint sets forth factual allegations of sexual misconduct, specific intent to harm is inferred as a matter of law, especially when the victims are minors.  
State Farm Fire & Casualty Co. v. Watters
, 268 Ill. App. 3d 501, 507, 644 N.E.2d 492, 496-97 (1994)
; 
Scudder
, 201 Ill. App. 3d at 928, 559 N.E.2d at 563; 
Bobo
, 268 Ill. App. 3d at 516-

17, 644 N.E.2d at 491.  And, "[t]he practical effect of [the inferred intent] rule is that the insurer will have no duty to defend or provide coverage to the insured."  
Bobo
, 268 Ill. App. 3d at 516, 644 N.E.2d at 488-89.

Relying on "inferred intent" case law, the insurance company in the case 
sub judice
 contends that, since Kelly's insurance policy excluded coverage for bodily injuries that were "expected or intended," the underlying civil suit against Kelly for sexual misconduct against a minor absolves the company's duty to defend under the policy.  Kelly, however, contends that the insurance company has a duty to defend, as the allegations of the underlying complaint must be construed liberally in favor of policy coverage with all doubts and ambiguities resolved in the policyholder's favor.  
United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.
, 144 Ill. 2d 64, 74, 578 N.E.2d 926, 930 (1991).

In determining whether there is a duty to defend, a court looks to the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy.  
Koloms
, 177 Ill. 2d at 479, 687 N.E.2d at 75.  If the facts alleged in the underlying complaint fall within, or potentially within, the language of the policy, the insurer's duty to defend arises.  
Koloms
, 177 Ill. 2d at 479, 687 N.E.2d at 75.  Moreover, the duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, 
even if only one or some of them are within the policy coverage.  
Maryland Casualty Co. v. Peppers
, 64 Ill. 2d 187, 194, 355 N.E.2d 24, 28 (1976)
; 
Vago
, 197 Ill. App. 3d at 136, 553 N.E.2d at 1184.

Here, both the negligence and intentional sexual battery counts of the underlying complaint include the following allegations:

"2. Commencing on or about the year of 1991, the defendant, ROBERT KELLY, engaged in improper sexual conduct including intercourse with the plaintiff, TIFFANY HAWKINS, in that the plaintiff, TIFFANY HAWKINS, was a minor.

3. Beginning in 1991 up to and including October of 1994, defendant, ROBERT KELLY, was negligent in one or more of the following ways:

a. Engaged in inappropriate sexual contact with the plaintiff, TIFFANY HAWKINS, including but not limited to, engaging in group sexual intercourse with the plaintiff, TIFFANY HAWKINS, and other minors;

b. Encouraged and engaged in inappropriate, intimate sexual contact with a minor;

c. Was in violation of criminal statutes of the State of Illinois in engaging in sexual intercourse with a minor;

d. Encouraged and engaged in conduct which defendant, ROBERT KELLY, knew or should have known was likely to cause severe emotional harm to plaintiff, TIFFANY HAWKINS."

Kelly contends that, because the duty to defend is broad and requires the insurer to provide a defense if there is any allegation potentially giving rise to coverage under the policy (
Conway v. Country Casualty Insurance Co.
, 92 Ill. 2d 388, 393, 442 N.E.2d 245, 247 (1982)), the general allegation of "conduct" found in subparagraph (d) of the underlying complaint requires the insurance company to defend, as the allegation does not specifically refer to inappropriate "sexual" conduct with a minor.

In our view, the underlying complaint sets forth factual allegations of sexual misconduct with a minor.  Subparagraph (d), read in context with the remaining allegations of the complaint, refers to the "improper sexual conduct including intercourse" that Kelly allegedly "engaged in" from 1991 until October 1994.  Subparagraph (d), if taken alone, is a legal conclusion, rather than a factual allegation, which does not give rise to coverage under the duty to defend.  See 
Ault v. C.C. Services, Inc.
, 232 Ill. App. 3d 269, 273, 597 N.E.2d 720, 723 (1992) ("Legal conclusions unsupported by allegations of specific facts are insufficient to state a cause of action").  Furthermore, when comparing the factual allegations of the underlying complaint to the relevant provisions of the insurance policy, a court is to ascertain and give effect to the intentions of the parties as expressed in their agreement.  
Crum & Forster Managers Corp. v. Resolution Trust
, 156 Ill. 2d 384, 391, 620 N.E.2d 1073, 1078 (1993).  If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning.  
Outboard Marine
, 154 Ill. 2d at 108, 607 N.E.2d at 1212.  In doing so, a court is to construe the policy as a whole and take into account the type of insurance policy purchased, the nature of the risks involved and the overall purpose of the contract.  
Koloms
, 177 Ill. 2d at 479, 687 N.E.2d at 75.

The homeowner's insurance policy in question excludes coverage for bodily injury caused by an "occurrence," as defined therein, which is "expected or intended" by the insured.  This language is clear and unambiguous; therefore, in our view, the parties did not intend to include in the definition of "occurrence" inappropriate sexual misconduct of a minor.  Indeed, " '[t]he average person purchasing homeowner's insurance would cringe at the very suggestion that [the person] was paying for such coverage.  And certainly [the person] would not want to share that type of risk with other homeowner's policyholders.' "  
Watters
, 268 Ill. App. 3d at 501, 644 N.E.2d at 500, quoting 
Perreault v. Maine Bonding & Casualty Co.
, 568 A.2d 1100, 1102 (Me. 1990).  While Kelly adamantly denies the allegations set forth in the underlying complaint, in cases where adults have been 
charged with
 having sex with minors or sexually assaulting adults, specific intent to harm is inferred as a matter of law and insurance coverage is excluded under the homeowner's policy.  See 
Watters
, 268 Ill. App. 3d at 507, 644 N.E.2d at 496-97; 
Scudder
, 201 Ill. App. 3d at 928, 559 N.E.2d at 563; 
Bobo
, 268 Ill. App. 3d at 516, 644 N.E.2d at 491.

Accordingly, we agree that the insurance company is absolved from the duty to defend under Kelly's homeowner's insurance policy, as coverage is excluded under the "expected or intended" exclusion found therein.  As such, we reverse the decision of the lower court
.  Because of our ruling, it is unnecessary to address the insurance company's remaining contention regarding "other policy provisions" it asserts were not ruled on by the lower court.

Reversed.

McBRIDE and McNULTY, JJ., concur.