COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. TEACHERS INSURANCE COMPANY, Defendant-Appellant (Ruth Johnston, Indiv. and as Next Friend of Jamie Johnston, a Minor, *et al.*, Defendants).

Fifth District   No. 5—99—0418

Opinion filed August 14, 2001.

Jerome E. McDonald and Matthew K. Wollin, both of Campbell, Black, Carnine, Hedin, Ballard & McDonald, P.C., of Mt. Vernon, for appellant.

Katherine M. Smith, of Reed, Armstrong, Gorman, Mudge & Morrissey, P.C., of Edwardsville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This case comes before us on remand from the Illinois Supreme Court, which reversed our decision in *Country Mutual Insurance Co. v. Teachers Insurance Co.*, 312 Ill. App. 3d 566 (2000). The Illinois Supreme Court directs us to determine whose automobile insurance policy provides primary coverage for the claim made following an automobile accident. *Country Mutual Insurance Co. v. Teachers Insurance Co.*, 195 Ill. 2d 322 (2001).

Country Mutual Insurance Company (plaintiff) insures the Sandoval Community High School District No. 501 (Sandoval) under a business automobile insurance policy that contains an "Other Insurance" provision as follows:

"For any covered **auto you** own[,] this policy provides primary insurance. For any covered **auto you** don't own, the insurance provided by this policy is excess over any other collectible insurance."

Endorsement 14506 to the policy provides as follows:

"It is agreed that such insurance as is afforded by the policy for bodily injury liability and property damage liability with respect to an insured automobile is extended to insure any member of the board of education, or any employee, teacher, volunteer, personnel authorized in Sections 10—22.34, 10—22.34a[,] and 10—22.34b of the School Code of Illinois[,] or any student teacher of the named insured, but only while acting within the course or scope of his duties, as such, or under the direction of the board of education, subject to the following provisions:

\*\*\*

2. The insurance afforded by this endorsement with respect to any hired or nonowned automobile shall be excess insurance over any other valid and collectible insurance."

Endorsement 14546 to the policy provides:

"The following is added to WHO IS INSURED: Any employee of **yours** is an **insured** while using a covered **auto you** don't own, hire[,] or borrow in **your** business or **your** personal affairs."

Jo Chapman, a teacher at Sandoval, was involved in an automobile accident in her owned automobile while she was in the course of her employment. In the accident, a student was injured. This student sued Chapman, who tendered the defense of the claim to her insurer, Teachers Insurance Company (defendant). Defendant's policy provided that defendant will pay damages which the insured becomes liable to pay because of bodily injury to others and that defendant will defend any

suit brought against the insured for such damages. However, defendant tendered the defense of the claim to plaintiff, arguing that plaintiff's policy provided primary coverage.

We are now directed to determine which policy provides primary coverage to Chapman for the claim made as a result of the accident. As our review of the case hinges on the construction of the insurance policies, it is *de novo*. See *Hartford Insurance Co. of Illinois v. Kelly*, 309 Ill. App. 3d 800, 804 (1999).

On appeal, defendant argues that endorsement 14546 to plaintiff's policy, which modified who is an insured under the policy to include any employee while using a covered auto not owned by Sandoval, makes plaintiff the primary insurer. Under this endorsement, Chapman, an employee of Sandoval who was driving a covered auto not owned by Sandoval, is an insured under the policy. Defendant argues that this endorsement is not expressly limited in scope to providing excess coverage in the event there is other insurance. Defendant further argues that a provision in an insurance policy which seeks to limit or exclude coverage must be construed liberally in favor of the insured and against the insurer and that any ambiguity or uncertainty in the policy must be construed in favor of the insured and against the insurer.

Plaintiff responds that endorsement 14546 only served to broaden the definition of an insured but did not otherwise change the policy. Endorsement 14546 did not revoke endorsement 14506; it merely broadened the definition of who is an insured. According to plaintiff, there is no inconsistency or contradiction between the two endorsements, and the policy should be construed as a whole. When so construed, it is clear that defendant's policy, and not plaintiff's, provides primary coverage to Chapman.

We agree with plaintiff and see little room for disagreement. Plaintiff's policy states that it provides primary coverage only for autos owned by Sandoval; for any covered auto not owned by Sandoval, the policy provides only excess coverage over any other collectible insurance. Neither endorsement to the policy changes this provision. Endorsement 14506 expressly provides that coverage with respect to a nonowned auto is excess over any other collectible insurance. Endorsement 14546 does not modify endorsement 14506, and it does not modify the "Other Insurance" provision of the policy. Endorsement 14506 modifies only the definition of who is an insured, which is contained in part IV(D) of the policy.

●1 Contracts of insurance are subject to the same rules of construction applicable to other types of contracts. *Hall v. Country Casualty Insurance Co.*, 204 Ill. App. 3d 765, 773 (1990). When construing an

insurance contract, it is our duty to ascertain and give effect to the intent of the parties. *Wallis v. Country Mutual Insurance Co.*, 309 Ill. App. 3d 566, 571 (2000). The best indicator of the parties' intent is the language used in the agreement. *Wallis*, 309 Ill. App. 3d at 571. Thus, if the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning. *Kelly*, 309 Ill. App. 3d at 806. In doing so, a court is to construe the policy as a whole and take into account the type of insurance policy purchased, the nature of the risks involved, and the overall purpose of the contract. *Kelly*, 309 Ill. App. 3d at 806.

●2 An insurance policy is said to be ambiguous if it is subject to more than one reasonable interpretation. *Continental Casualty Co. v. Roper Corp.*, 173 Ill. App. 3d 760, 767 (1988). In our view, the pertinent provisions of plaintiff's insurance policy are not subject to more than one reasonable interpretation. Accordingly, we must enforce the policy as written, taking into account the type of policy and its overall purpose. We conclude that plaintiff's policy does not provide primary coverage for Chapman's accident but provides only excess coverage over any other collectible insurance which might apply.

For the foregoing reasons, we affirm the judgment of the circuit court of Jefferson County in favor of plaintiff.

Affirmed.

CHAPMAN, P.J., and GOLDENHERSH, J., concur.