METROPOLITAN. CAS.
INS. CO., Plaintiff,

v.

James M. DONNELLY, Gloria F. Donnelly, Jane Doe, a Minor, By Her Mother and Next Friend, Mary Doe, and Mary Doe, Defendants.

Case No. 15–cv–0328–MJR–PMF

United States District Court,
S.D. Illinois.

Signed February 1, 2016

David S. Osborne, Joseph P. Postel, Lindsay, Rappaport, et al., Justin K. Seigler, Bates & Carey, Chicago, IL, for Plaintiff.

Samuel A. Mormino, Jr., Mormino Velloff et al, Alton, IL, Michael R. Wesley, Law Office of Michael R. Wesley LLC, Wood River, IL, for Defendants.

## MEMORANDUM & ORDER

REAGAN, Chief Judge:

### A. Introduction and Procedural History

On March 25, 2015, Plaintiff Metropolitan Casualty Insurance Company ("Metropolitan") filed a complaint for declaratory judgment[1] against Defendants James M. Donnelly ("Mr. Donnelly"), Gloria F. Donnelly ("Ms. Donnelly", collectively the "Donnellys"), Jane Doe (a minor, by an through her mother and next friend, Mary Doe), and Mary Doe (Doc. 1 at 1). According to Plaintiff's second amended and currently operative complaint (Doc. 27), Mr. Donnelly pled guilty on December 9, 2014, to predatory criminal sexual assault of an individual under the age of 13, specifically his step great-granddaughter, Jane Doe (Id. at 5; see Illinois v. James Donnelly, 14–CF–15).

On March 5, 2015, Jane Doe and Mary Doe, filed a complaint against the Donnellys, Jane Doe et al. v. James Donnelly et al., Case No. 15–L–289, which has been amended twice, most recently on June 3, 2015 (the "state complaint") (Doc. 27 at 3). The state complaint alleges sexual abuse (of Jane Doe) and intentional infliction of emotional distress (of Mary Doe) by Mr. Donnelly, and negligent supervision by Ms. Donnelly (Doc. 27 at 3–5; Doc. 27–1). The remaining counts (IV through VII) against the Donnellys relate to alleged fraudulent transfers between the Donnellys (Doc. 27 at 6; Doc. 27–1).

Metropolitan seeks a declaratory judgment from this Court that the language of the two policies (Docs. 1–2 and 1–3) issued to the Donnellys do not provide a duty to defend or indemnify the Donnellys (Doc. 27 at 1–2; 6–14). On July 28, 2015, Metropolitan filed its motion for summary judgment (Doc. 30). Jane Doe and Mary Doe filed a response to the Plaintiff's motion (Doc. 31), in which they agree with the Plaintiff's position as to all but Count III (negligent supervision by Ms. Donnelly), but argue that, because Count III is a claim within or potentially within the coverage of the action, Plaintiff has a duty to defend (Id.). On November 2, 2015, Ms. Donnelly filed a motion for summary judgment, mirroring much of Jane and Mary Doe's argument, to which the Plaintiff responded (Doc. 33). All motions ripe, the Court begins with a brief discussion of the legal standards.

### B. Legal Standards

#### 1. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions. The rule states that summary judgment is appropriate only if the admissible evidence considered as a whole shows there is no genuine issue as to any material fact and the movant is entitled judgment as a matter of law. Archdiocese of Milwaukee v. Doe, 743 F.3d 1101, 1105 (7th Cir.2014), citing FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co, 796 F.3d 717, 723 (7th Cir.2015), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accord Bunn v. Khoury Enterpr., Inc., 753 F.3d 676 (7th Cir.2014).

---

1. Filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party. *Hooper v. Proctor Health Care Inc.,* 804 F.3d 846, 849 (7th Cir.2015); *Woods v. City of Berwyn,* 803 F.3d 865, 866 (7th Cir.2015); *Malin v. Hospira, Inc.,* 762 F.3d 552, 554 (7th Cir.2014). *See also Spaine v. Community Contacts, Inc.,* 756 F.3d 542 (7th Cir.2014) ("**we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [the non-movant] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [the non-movant's] favor.**")

Little changes when cross-motions for summary judgments are involved. *United States v. P.H. Glatfelter Co.,* 768 F.3d 662, 668 (7th Cir.2014); *Laskin v. Siegel,* 728 F.3d 731, 734 (7th Cir.2013). With cross-motions for summary judgment, the Court looks "to the burden of proof that each party would bear on an issue of trial" and will "require that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Diaz v. Prudential Ins. Co. of America,* 499 F.3d 640, 643 (7th Cir.2007), citing *Santaella v. Metropolitan Life Ins. Co.,* 123 F.3d 456, 461 (7th Cir.1997).

### 2. Insurance Policies Generally

 The parties agree that the insurance coverage at issue should be interpreted under Illinois law. Where Illinois law governs, the interpretation of an insurance policy is a question of law that can be properly decided via summary judgment. *Nationwide Ins. Co. v. Central Laborers' Pension Fund,* 704 F.3d 522, 525 (7th Cir.2013); *Crum & Forster Managers Corp. v. Resolution Trust Corp.,* 156 Ill.2d 384, 189 Ill.Dec. 756, 620 N.E.2d 1073, 1077 (1993). An insurance policy is ultimately a contract, and the general rules about contract interpretation apply when a court interprets an insurance policy. *Netherlands Ins. Co. v. Phusion Projects, Inc.,* 737 F.3d 1174, 1177 (7th Cir. 2013); *Clarendon National Ins. Co.,* 645 F.3d 928, 933 (7th Cir.2011); *Founders Ins. Co. v. Munoz,* 237 Ill.2d 424, 341 Ill.Dec. 485, 930 N.E.2d 999, 1003 (2010). Any interpretation by the Court must attempt to give effect to the parties' intentions as expressed by the policy, giving "due regard to the risk undertaken, the subject matter that is insured, and the purposes of the entire contract." *Schuchman v. State Auto Property and Cas. Ins. Co.,* 733 F.3d 231, 238 (7th Cir.2013). *See also Pekin Ins. Co. v. Wilson,* 237 Ill.2d 446, 341 Ill.Dec. 497, 930 N.E.2d 1011, 1017 (2010). Unambiguous language will be construed according to its plain meaning, unless doing so would contravene public policy. *Clarendon,* 645 F.3d at 933; *Founders,* 341 Ill.Dec. 485, 930 N.E.2d at 1004.

### 3. Duty to Defend

 In Illinois:

An insurer taking the position that a complaint potentially alleging coverage is not covered by a policy which provides that the insurer has the right and duty to defend any claims brought against the insured cannot simply refuse to defend the insured. It must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage.

*Panfil v. Nautilus Ins. Co.,* 799 F.3d 716, 719 (7th Cir.2015). A duty to defend does not exist where "there clearly was no coverage or potential for coverage." *Wausau v. Ehlco Liquidating Trust,* 186 Ill.2d 127, 237 Ill.Dec. 82, 708 N.E.2d 1122, 1135 (1999). However, Illinois law also provides that the inverse is true—where the underlying complaint potentially falls within the scope of coverage, an insurer is obligate to

defend. *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 688 (7th Cir.2008). But Lyerla goes further than that:

> In order to determine whether an insurer has a duty to defend its insured, we must compare the allegations in the underlying complaint to the language of the insurance policy. If the underlying complaint alleges facts within or potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent. An insurer may not justifiably refuse to defend an action against its insured *unless it is clear from the face of the underlying complaint* that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage.

*Id.* citing *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 215 Ill.2d 146, 293 Ill.Dec. 594, 828 N.E.2d 1092, 1098 (2005) and *United States Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 161 Ill.Dec. 280, 578 N.E.2d 926, 930 (1991) (emphasis added) (internal citations removed). Where an insurer denies a duty to defend based upon an exclusionary clause within the policy "its application must be clear and free from doubt." *Hurst–Rosche Eng'rs Inc. v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir.1995), quoting *Transamerica Ins. Co. v. South*, 975 F.2d 321, 327 (7th Cir.1992).

■ The application of a claim to a particular policy follows a burden-shifting model. The insured has the burden of demonstrating that a claims falls within the coverage of a policy. *Addison Ins. Co. v. Fay*, 232 Ill.2d 446, 328 Ill.Dec. 858, 905 N.E. 747, 752 (2009). Then, the insurer has the burden to prove that exclusion applies. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir.2010). Once it has, it becomes the insured's burden to prove that an exception to the exclusion restores coverage. *Id.*, citing 17A STEVEN PLITT ET AL., COUCH ON INSURANCE § 254:13 (3d ed.2005). In order to determine whether the count falls within the insurance policy, the Court must examine the "eight corners" of the insurance policy and the complaint. *Insurance Co. of West v. County of McHenry*, 328 F.3d 926, 929 (7th Cir.2003); *see Farmers Automobile Ins. Ass'n v. Country Mutual Ins. Co.*, 309 Ill.App.3d 694, 243 Ill.Dec. 159, 722 N.E.2d 1228 (2000) ("the court should compare the four corners of the underlying complaint with the four corners of the insurance contract").

■ In determining the duty to defend, "courts liberally construe both the terms of an insurance policy and the allegations in the underlying complaint in favor of the insured." *Nat. Amer. Ins. Co.*, 796 F.3d at 723, citing *State Far Fire & Cas. Co. v. Perez*, 387 Ill.App.3d 549, 326 Ill.Dec. 580, 899 N.E.2d 1231, 1235 (2008) ("[A]ny doubts and ambiguities are resolved against the insurer."). However, a court must be careful not to "create an ambiguity where none exists; a clear an unambiguous provision must be applied as written." *Hurst–Rosche*, 51 F.3d at 1342, citing *South*, 975 F.2d at 327.

### 4. Duty to Indemnify

■ The duty to indemnify is narrower than that of the duty to defend. *Nat. Amer. Ins. Co.*, 796 F.3d at 724, citing *Transcontinental Ins. Co. v. Nat'l Union Fire Ins. Co.*, 278 Ill.App.3d 357, 214 Ill. Dec. 934, 662 N.E.2d 500, 508 (1996). Because of this, where a court determines that there is not a duty to defend, there is likewise not a duty to indemnify for liability. *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 528 (7th Cir. 2013); *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 189 Ill.Dec. 756, 620 N.E.2d 1073, 1081 (1993)

("Clearly, where there is no duty to defend, there will be no duty to indemnify . . . .").

### C. *Homeowner's Policies*

As noted in Plaintiff's second amended complaint, the Donnellys had two separate homeowner's policies, which, for purposes of this Order, were materially identical other than the effective dates (October 1, 2012 to October 1, 2013 for the first policy, *see* Doc. 12, and October 1, 2013 to October 1, 2014 for the second policy, *see* Doc. 1–3). In the complaint, Plaintiff calls the Court's attention to certain provisions in the policy, which, in their response, Defendants Jane Doe and Mary Doe characterize as an "accurate recitation" of the policies (*See generally* Docs. 1–2 and 1–3). Among the provisions, the Court notes the following language:

### HOME GENERAL DEFINITIONS

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the term of the policy.

(Doc. 1–2 at 8).

### LIABILITY, MEDICAL EXPENSES AND OPTIONAL COVERAGES SECTION II—LOSSES WE COVER

### COVERAGE F—PERSONAL LIABILITY

Agreement. We will pay all sums for **bodily injury** and **property damage** to others for which the law holds you responsible because of an **occurrence** to which this coverage applies. This includes prejudgment interest awarded against **you**.

\* \* \*

We are not obligated to defend any claim or suit seeking damages not covered under this policy.

\* \* \*

### SECTION II—LOSSES WE DO NOT COVER

### COVERAGE F—PERSONAL LIABILITY AND COVERAGE G—MEDICAL PAYMENTS TO OTHERS

1. **Intentional Loss.** We do not cover **bodily injury** or **property damage** which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts or omissions.

(*Id.* at 28).

### ILLINOIS

### AMENDATORY ENDORSEMENT

"Bodily injury" means any physical harm to the body including any resulting sickness or disease. This term includes required care, loss of services and death if it is a result of such physical harm, sickness or disease.

**Bodily injury** does not include:

\* \* \*

3. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless the direct result of physical harm.

(*Id.* at 42).

### D. *Analysis*

Put simply, Plaintiff argues that the terms of the two homeowners' policies provide exclusions to any duty to defend or indemnify with respect to the state complaint. As required under Illinois law, they seek a declaratory judgment that coverage does not exist. The Court will address each of the claims of the state complaint in turn:

### 1. Count I: Sexual abuse of a minor by James Donnelly

Count I of the state complaint states that Mr. Donnelly, step great-grandfather of Jane Doe "willfully and wantonly and/or intentionally engaged in acts of misconduct which constitute sexual abuse pursuant to 735 ILCS 5/13–202.2" (Doc. 27–1 at 2–3). Further in the complaint, it is noted that Mr. Donnelly pled guilty to a single count of Predatory Criminal Sexual Assault of a Victim Under the Age of 13 (*Id.* at 6). *See* 720 ILCS 5/11–1.40. Illinois courts utilize an "inferred-intent" rule. Under the rule, where an individual sexually abuses a minor, a court will find that, as a matter of law, the abuser intended to injure his or her victims. *Sudder v. Hanover Ins. Co.*, 201 Ill.App.3d 921, 147 Ill.Dec. 386, 559 N.E.2d 559, 563–64 (1990). *See also State Farm Fire & Cas. Co. v. Watters*, 268 Ill.App.3d 501, 205 Ill.Dec. 936, 644 N.E.2d 492, 496 (1994) (collecting cases). As such, intent follows directly from the act. *Id.* Even where the allegations are only charged and are otherwise denied, insurance coverage is excluded under a typical homeowner's policy. *Hartford Ins. Co. of Ill. v. Kelly*, 309 Ill.App.3d 800, 243 Ill.Dec. 256, 723 N.E.2d 288, 293 (1999).

Here, James Donnelly was charged and convicted of sexual abuse of Jane Doe, a minor. Under Illinois' inferred-intent rule, his actions are deemed intentional and, under the terms of the policies, are not covered. As to Count I, Plaintiff motion is **GRANTED**—Plaintiff does not have a duty to defend or indemnify.

### 2. Count II: Intentional infliction of emotional distress of Mary Doe by James Donnelly

A count of "tort of outrage" is typically synonymous with intentional infliction of emotional distress. *Cain v. Os-man*, 286 Fed.Appx. 934, 937 (7th Cir. 2008), citing *Robertson v. Travelers Ins. Co.*, 95 Ill.2d 441, 69 Ill.Dec. 954, 448 N.E.2d 866, 868–69 (1983); *Feltmeier v. Feltmeier*, 333 Ill.App.3d 1167, 268 Ill.Dec. 109, 777 N.E.2d 1032, 1037–38 (2002). As noted in *Cain*, "[u]nder Illinois law, a plaintiff claiming intentional infliction of emotional distress must prove that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that caused severe emotional distress." 286 Fed.Appx. at 937, citing *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir.2006). Indeed, the state complaint notes that Mr. Donnelly "engaged in a course of neglect and abuse constituting extreme, outrageous, and intentional acts," and claimed that the acts "were done willfully, maliciously, outrageously, deliberately, and purposefully with the intention to inflict emotional distress upon Plaintiff, Mary Doe . . . ." (Doc. 27–1 at 4). Mr. Donnelly's acts were intentional and, for the reasons already stated above, do not fall within the policies' coverage.

Further, the "tort of outrage" count only includes emotional injuries, which are excluded unless they accompany a physical harm, which is not alleged. Therefore, as to Count II, Plaintiff motion is **GRANTED**—Plaintiff does not have a duty to defend or indemnify.

### 3. Count III: Negligent supervision of James Donnelly by Gloria Donnelly

While the docket shows a memorandum in opposition to the Plaintiff's motion, the only count on which there is disagreement between the parties is count III. In this count, Jane Doe and Mary Doe claim that Ms. Donnelly was guilty of negligently and carelessly supervising Jane Doe while in her care, failing to prevent Jane Doe's sexual abuse, and failing to protect Jane Doe (Doc. 27–1 at 5). As a result, Jane Doe "suffered serious, painful, and perma-

nent injuries both physical and emotional" (*Id.*). As with the other counts, Plaintiff argues that it has no duty to defend under the relevant policies.

As stated above, coverage is excluded where an injury is expected or intended; it is treated as an intentional loss. In support of their argument, Plaintiff points to a 2002 decision by the Illinois Supreme Court, wherein the state high court specified the elements of negligent supervision. *Norskog v. Pfiel,* 197 Ill.2d 60, 257 Ill.Dec. 899, 755 N.E.2d 1, 17 (2002). Applied here, the Plaintiff state that in order for Jane Doe and Mary Doe to succeed on the state court claim of negligent supervision, they must show that Ms. Donnelly was "aware of specific instances of prior conduct sufficient to put [her] on notice that the act complained of [sexual abuse by Mr. Donnelly of Jane Doe] was likely to occur" *Id.* (**listing first prong of two-prong test for negligent supervision**). (*See* Doc. 30 at 14).

Defendants argue that *Norskog,* and in fact the majority of the cases cited by the Plaintiff, are inapposite to the facts here. Defendants are correct that many of the citations made by Plaintiff are only tangentially related to the instant case. However, Plaintiff's argument on summary judgment, and more importantly, this Court's determination, does not rely on the analyses by the Illinois courts as to parental supervision, as in *Norskog; Lott v. Strang,* 312 Ill.App.3d 521, 245 Ill.Dec. 154, 727 N.E.2d 407, 408 (2000); and *Appelhans v. McFall,* 325 Ill.App.3d 232, 259 Ill.Dec. 124, 757 N.E.2d 987, 993 (2001), nor the determinations made by those courts on issues of *respondeat superior* in negligent supervision cases. *Dennis v. Pace Suburban Bus Svce.,* 19 N.E.3d 85, 385 Ill.Dec. 527 (2014); *Helfers–Beitz v. Degelman,* 406 Ill.App.3d 264, 345 Ill.Dec. 907, 939 N.E.2d 1087 (2010). The Court's consideration of these cases is limited to the concise recitation of the elements of negligent supervision provided in *Norskog,* 257 Ill.Dec. 899, 755 N.E.2d at 17.

Plaintiff's next citation is far more on point. In *Empire Indem. Co. v. Chicago Province of the Society of Jesus,* multiple insurers sought a declaratory judgment finding that there was no duty to defend the Jesuits against sexual abuse claims made against a former priest. 2013 IL App (1st) 112346, 371 Ill.Dec. 657, 990 N.E.2d 845, 848 (2013). In their ruling, the court found that, as the complaint had alleged facts which demonstrated that the insured party (the Jesuits) were aware of the priest's pattern of sexual abuse, they "reasonably should have anticipated or expected the injuries" which would result and thus the "expected or intended exclusion" clause of the relevant policies applied. *Id.,* 371 Ill.Dec. 657, 990 N.E.2d at 856.

In the instant case, Plaintiff argues that if Jane Doe is successful in proving that Ms. Donnelly was aware of Mr. Donnelly's prior conduct, sufficient to put her on notice that sexual abuse of Jane Doe was likely to occur (the first prong of negligent supervision), then, under *Empire,* she will have possessed knowledge sufficient that she should have "anticipated or expected the injuries" and thus the claim would be excluded from coverage.(Doc. 30 at 14–15). Defendants point out that, at the time of filing, discovery had not been conducted in the state complaint, and therefore Ms. Donnelly's prior knowledge of prior conduct by Mr. Donnelly is unknown (Doc. 31 at 6). Nowhere in the state complaint is Ms. Donnelly's knowledge of Mr. Donnelly's conduct demonstrated, argued, or even addressed—it simply states that Ms. Donnelly was negligent and careless in allowing these events to occur. Thus, as argued by Jane Doe and Mary Doe in their response to Plaintiff's motion, and by Ms.

Donnelly in her own motion for summary judgment, the facts of the claim bring the case potentially within the ambit of policy's coverage (Doc. 32 at 3).

However, this does not matter: The insurer's duty to defend does not depend upon a sufficient suggestion of liability raised in the complaint; instead, the insurer has the duty to defend unless the allegations of the underlying complaint demonstrate that the plaintiff in the underlying suit will not be able to prove the insured liable, under any theory supported by the complaint, without also proving facts that show the loss falls outside the coverage of the insurance policy.

*Starr Indem. & Liab. Co. v. Boys & Girls Club of Carbondale,* 2012 WL 5843159 at *2 (S.D.Ill. Nov. 19, 2012), quoting *Ill. Emcasco Ins. Co. v. Northwestern. Nat. Cas.Co.,* 337 271 Ill.Dec. 711, 785 N.E.2d 905, 909 (2003). In order to prevail in the state complaint as to count III, the Defendants must necessarily prove the first prong of the negligent supervision standard—Ms. Donnelly's awareness of any prior conduct by Mr. Donnelly sufficient to put her on notice that further abuse was likely to occur. In doing so, the Defendants will have proven facts that demonstrate that the loss is outside the coverage of the insurance policy and therefore there is not a duty to defend.

Defendants' argue that the Plaintiff's failure to exclude negligent supervision from the policy was a decision on their part and that any ambiguity in the policy must be interpreted in favor of the insured. While the Court agrees with the general proposition, that ambiguity must be construed against the insurer, the Court disagrees that any such ambiguity exists here, and the Court will not "create an ambiguity where none exists; a clear an unambiguous provision must be applied as written." *Hurst–Rosche,* 51 F.3d at 1342,

citing *South,* 975 F.2d at 327. As to Count III, Plaintiff motion is **GRANTED**—Plaintiff does not have a duty to defend or indemnify. Conversely, Defendant Donnelly's motion for summary judgment, which only addresses this count, is **DENIED**.

### 4. Counts IV—VII—Fraudulent Conveyance of Assets

Here, as with Counts I and II, the parties are essentially in agreement—Plaintiff does not have a duty to defend or indemnify. In the state complaint, Jane Doe and Mary Doe seek equitable relief from alleged fraudulent transfers by the Donnellys (Doc. 27–1 at 6–13). The policy pays for monetary damages related to "bodily injury" and "property damage"; equitable relief is excluded from coverage. *O'Brien & Associates, P.C. v. Tim Thompson, Inc.,* 274 Ill.App.3d 472, 210 Ill.Dec. 761, 653 N.E.2d 956, 960 (1995). Further, the claims clearly state that the transfers were made with "actual intent" (Doc. 27–1 at 8), were thus expected or intended and fall outside of coverage. As to Counts IV, V, VI, and VII, Plaintiff motion is **GRANTED**—Plaintiff does not have a duty to defend or indemnify.

### E. *Conclusion*

For the above-stated reasons, the Court **GRANTS**. Plaintiff's motion for summary judgment (Doc. 30) and **DENIES** Defendant Gloria Donnelly's motion for summary judgment (Doc. 32). The Court **DECLARES** that the Plaintiff does not owe a duty to defend or indemnify the Donnellys as to the seven counts of the underlying state complaint, *Jane Doe et al. v. James Donnelly et al.,* Case No. 15–L–289. All future deadlines and hearings, including the May 20, 2016 final pre-trial conference and. the June 13, 2016 bench trial are **CANCELLED**. The Clerk of Court is

instructed to **ENTER** judgment accordingly and **CLOSE** the case.

**IT IS SO ORDERED.**