W.W. VINCENT AND COMPANY *et al.*, Plaintiffs-Appellants, v. FIRST COLONY LIFE INSURANCE COMPANY *et al.*, Defendants-Appellees (Rick Redman *et al.*, Defendants).

First District (3rd Division)    No. 1—03—1666

Opinion filed August 11, 2004.

Law Office of Francis Bongiovanni, of Melrose Park, and Julie M. Bordo, L.L.C., of Evanston (Julie M. Bordo, of counsel), for appellants.

Chittenden, Murday & Novotny, L.L.C., of Chicago (Donald A. Murday and Craig M. Bargher, of counsel), for appellee Lincoln National Corporation.

Varga, Berger, Ledsky, Hayes & Casey, of Chicago (Craig A. Varga and Harold B. Hilborn, of counsel), for appellee First Colony Life Insurance Company.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, W.W. Vincent and Company (Vincent) and Northwest Insurance Service Center, Inc. (Northwest), by Weiss Insurance Agencies, Inc., as successor in interest, appeal from two orders of the circuit court which granted First Colony Life Insurance Company's (First Colony) and Lincoln National Corporation's (Lincoln National) respective motions to dismiss various counts of the plaintiffs' amended and third amended complaints for failure to state causes of action. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

The following general allegations of fact were set forth in each of the plaintiffs' complaints. On July 31, 1992, Northwest and Lincoln National executed a stock purchase agreement (the Agreement) pursuant to the terms of which Northwest purchased all of the issued and outstanding stock of Vincent. Prior to executing the Agreement, Northwest conducted a due diligence investigation and received documents from Lincoln National in order to determine the appropriate purchase price for Vincent's stock. One of the many documents received by Northwest during this due diligence investigation was a general agents contract between Vincent and First Colony dated November 25, 1987. Under the general agents contract, Vincent had agreed to sell life insurance policies for First Colony in exchange for

certain service fees due at the end of the tenth policy year. In April 1998, when the fees became due, First Colony made the first of four monthly payments to Vincent. Following the fourth payment in July 1998, First Colony ceased paying Vincent and began to issue service fee checks to Rick Redman under a purported assignment of the general agents contract from Vincent to Redman dated October 31, 1990. The assignment was not provided to the plaintiffs during the due diligence investigation or at the time the Agreement was executed.

On February 8, 2001, the plaintiffs filed a seven-count complaint against First Colony, Lincoln National, Redman and John Jensen. Following motions to dismiss filed by First Colony, Lincoln National and John Jensen pursuant to section 2—615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—615 (West 2002)), the circuit court entered an order on October 30, 2001, which, *inter alia*, struck those counts in the complaint directed against First Colony, Lincoln National and John Jensen, and granted the plaintiffs leave to file an amended complaint.

On January 15, 2002, the plaintiffs filed an eight-count amended complaint against First Colony, Lincoln National, Rick Redman and John Jensen. First Colony, Lincoln National and John Jensen once again responded with section 2—615 motions to dismiss and, on May 17, 2002, the circuit court entered an order which, *inter alia*, granted First Colony's motion to dismiss counts V (breach of contract), VI (a declaratory judgment as to the validity of the alleged assignment of the general agents contract), and VII ( rescission of the assignment) of the amended complaint, struck those counts directed against Lincoln National, and granted the plaintiffs leave to file a second amended complaint as to Lincoln National.

On September 24, 2002, the plaintiffs filed a second amended complaint against Lincoln National, Redman and John Jensen. The plaintiffs did not reallege, incorporate by reference, or refer to the previously dismissed counts against First Colony. The plaintiffs' second amended complaint was subsequently stricken for failing to name Geraldine Jensen as the special representative of John Jensen.

On January 2, 2003, the plaintiffs filed a third amended complaint against Lincoln National, Redman and Geraldine Jensen, as personal representative of John Jensen, deceased. The plaintiffs once again failed to reallege, incorporate by reference, or refer to the previously dismissed counts against First Colony. Counts I, II, III, V and VIII of the third amended complaint set forth claims against Lincoln National for breach of contract (counts I and II), fraudulent misrepresentation (count III), fraudulent concealment (count V), and unjust enrichment (count VIII). Lincoln National filed a section 2—615 motion to dismiss

counts I, II, III, V and VIII, which the circuit court granted on January 14, 2003.

On June 4, 2003, the circuit court made the requisite findings under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal from that portion of the court's order of May 17, 2002, dismissing all counts of the plaintiffs' amended complaint against First Colony, and that portion of the January 14, 2003, order dismissing all counts of the third amended complaint against Lincoln National. Thereafter, the plaintiffs filed the instant appeal.

First, the plaintiffs contend that the circuit court erred in dismissing the claims against First Colony for breach of contract, declaratory judgment and rescission as set forth in their amended complaint. However, for the reasons that follow, we find that the plaintiffs have waived consideration of any issues relating to the dismissal of these claims.

■ Where an amended pleading is complete in itself, and does not reallege, incorporate by reference, or refer to the claims and supporting facts set forth in a prior complaint, the prior pleading ceases to be part of the record for most purposes, being in effect abandoned and withdrawn. *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154, 449 N.E.2d 125 (1983). A party who files an amended pleading waives any objection to the circuit court's ruling on a former complaint. *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 99, 656 N.E.2d 1101 (1995); *Foxcroft*, 96 Ill. 2d at 153. In order to preserve for review the dismissal of claims contained in a prior complaint, a plaintiff must either stand on the dismissed counts and challenge the ruling at the appellate level prior to filing an amended complaint, or reallege the dismissed counts in subsequent complaints. *Doe v. Roe*, 289 Ill. App. 3d 116, 120, 681 N.E.2d 640 (1997).

■ Here, the plaintiffs' second and third amended complaints failed to reallege, incorporate, or refer to the claims against First Colony for breach of contract, declaratory judgment or rescission set forth in their amended complaint. Therefore, we must treat as waived all issues pertaining to the dismissal of counts V, VI and VII of the plaintiffs' amended complaint.

Next, we shall address the dismissal of counts I, II, III, V and VIII of the plaintiffs' third, and final, amended complaint. A motion to dismiss brought pursuant to section 2—615 of the Code attacks the legal sufficiency of a complaint based on defects apparent on the face of the complaint. *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81, 806 N.E.2d 632 (2004). In ruling on a section 2—615 motion, a court must accept as

true all well-pled facts in the complaint and draw all reasonable inferences therefrom in favor of the nonmoving party. *Vitro*, 209 Ill. 2d at 81; *Hanna v. City of Chicago*, 331 Ill. App. 3d 295, 303, 771 N.E.2d 13 (2002). The critical question on appeal is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 382, 808 N.E.2d 957 (2004). A cause of action should be dismissed pursuant to a section 2—615 motion only if it is clearly apparent that no set of facts can be proven which will entitle the plaintiff to recovery. *Borowiec*, 209 Ill. 2d at 382-83. Our review of a dismissal pursuant to section 2—615 is *de novo*, and we may affirm upon any grounds for which a factual basis exists in the record. *Colmar, Ltd. v. Fremantlemedia North America, Inc.*, 344 Ill. App. 3d 977, 994, 801 N.E.2d 1017 (2003).

■ Initially, we note that, as Lincoln National argues, the plaintiffs have waived any argument on appeal concerning the propriety of the circuit court's dismissal of count VIII of their third amended complaint. Although the plaintiffs' brief contains a general allegation that "each count [of the third amended complaint] states a viable cause of action," the plaintiffs failed to present any argument, or cite to any authority, relating specifically to count VIII. Accordingly, the plaintiffs have forfeited for purposes of review any consideration of the propriety of the circuit court's dismissal of count VIII of their third amended complaint. See 210 Ill. 2d R. 341(h)(7); *Lake Point Tower Garage Ass'n v. Property Tax Appeal Board*, 346 Ill. App. 3d 389, 397, 804 N.E.2d 717 (2004).

Before addressing the sufficiency of the plaintiffs' allegations as set forth in counts I and II of the third amended complaint, we must first address Lincoln National's argument that the integration clause of the Agreement precludes the plaintiffs from ever stating a cause of action for breach of contract because the general agents contract is not specifically referred to in the Agreement.

■ Traditional principles of contract interpretation require a court, when construing a contract, to ascertain and give effect to the intent of the parties. *Eichengreen v. Rollins, Inc.*, 325 Ill. App. 3d 517, 521, 757 N.E.2d 952 (2001). A written contract is presumed to speak the intention of the parties who signed it, and their intentions must be determined from the language used. *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 462, 706 N.E.2d 882 (1999), quoting *Western Illinois Oil Co. v. Thompson*, 26 Ill. 2d 287, 291, 186 N.E.2d 285 (1962). The parol evidence rule generally precludes evidence of understand-

ings not reflected in the contract, reached before or at the time of its execution, that would vary or modify it terms. *Eichengreen*, 325 Ill. App. 3d at 521. Further, a court will not consider parol evidence of prior negotiations to create an "extrinsic ambiguity" where the parties to a contract have included an integration clause. *Air Safety, Inc.*, 185 Ill. 2d at 464-65.

■ In the instant matter, the Agreement, which was attached to the third amended complaint, states that Lincoln National's intention was to sell all of the outstanding capital stock of Vincent to Northwest "pursuant to the terms and conditions set forth in [the] Agreement." Among these numerous terms and conditions, the Agreement refers to an attached disclosure schedule and detailed financial statement, the later of which was intended to "present fairly" the assets and liabilities of Vincent as of June 30, 1992. In addition to these attachments, the Agreement also contains an integration clause, which states:

> "This Agreement, together with the Contracts executed and delivered pursuant hereto, supercedes all prior discussions and agreements between the parties with respect to the subject matter of this Agreement, and this Agreement, including documents, certificates and contracts executed and delivered pursuant hereto, contains the sole and entire agreement between the parties hereto with respect to the subject matter hereof."

Examining these terms, it is apparent that the parties intended for the subject matter of the Agreement to include not only those assets and liabilities listed in the attached financial and disclosure statements, but also those "documents, certificates and contracts executed and delivered" with the Agreement. In counts I and II of the third amended complaint, the plaintiffs allege that the general agents contract was delivered at the time of execution. Based on this allegation, taken as true for purposes of the motion to dismiss, the general agents contract would be a "document" as reflected in the integration clause of the Agreement, and its inclusion as an asset of Vincent's would not vary or modify the terms of the Agreement. Accordingly, we find that the integration clause does not preclude the plaintiffs from stating a cause of action for breach of contract based upon the assertion that the general agents contract was represented to be an asset of Vincent's under the Agreement.

In reaching this decision, we note that Lincoln National's reliance upon *Air Safety, Inc.*, 185 Ill. 2d 457, 706 N.E.2d 882, and *Benedict v. Federal Kemper Life Assurance Co.*, 325 Ill. App. 3d 820, 759 N.E.2d 23 (2001), is misplaced. In both *Air Safety, Inc.* and *Benedict*, the integration clauses at issue, while similar to the clause here, did not

contain any language specifying that the subject matter of the writing also included documents, certificates and contracts executed and delivered pursuant thereto. The presence of this additional language not only distinguishes the instant integration clause from those in *Air Safety, Inc.* and *Benedict* but, as discussed above, reflects the parties' understanding that the subject matter of the Agreement included documents, certificates and contracts not specifically referred to therein.

Turning now to the allegations contained in count I of the plaintiffs' third amended complaint, we find that the plaintiffs sufficiently stated a cause of action for breach of contract. In order to plead a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Gonzalzles v. American Express Credit Corp.*, 315 Ill. App. 3d 199, 206, 733 N.E.2d 345 (2000). Only a duty imposed by the terms of a contract can give rise to a breach. *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 199, 721 N.E.2d 605 (1999).

■ In count I of their third amended complaint, the plaintiffs allege that Lincoln National offered to sell the Vincent stock to Northwest and that Northwest accepted this offer. The plaintiffs further allege that during the due diligence investigation, and at the time of execution, Lincoln National delivered a copy of the general agents contract and represented that it was one of Vincent's assets included as part of the subject matter of the Agreement. Northwest then fully performed its contractual obligations by paying the agreed-upon purchase price for the Vincent stock. According to the plaintiffs, the breach occurred when Lincoln National conveyed the stock and the general agents contract was no longer an asset of Vincent's. Damages, which the plaintiffs place in excess of $90,000, apparently consist of a diminution in the value of Vincent's stock due to the loss of service fees expected under the terms of the general agents contract. We find that these allegations properly state a cause of action for breach of contract. Therefore, the circuit court erred in dismissing count I of the plaintiffs' third amended complaint.

■ The plaintiffs next contend that the circuit court erred in dismissing count II of their third amended complaint, which sought relief under a theory of breach of contract for Lincoln National's alleged failure to disclose the assignment of the general agents contract. Pursuant to the specific terms of the Agreement, which was attached to the complaint, Lincoln National was under a continuing obligation to tender and make available all books, records and documents of Vincent. By failing to tender or disclose the existence of the assignment,

the plaintiffs argue, Lincoln National breached the terms of the Agreement and damaged the plaintiffs in the same manner as in count I. Once again, we find that these facts properly state a cause of action for breach of contract. The plaintiffs have established the existence of a valid and enforceable contract, a duty imposed upon Lincoln National under that contract to disclose the assignment, a breach of that duty and resultant damages. Therefore, the circuit court likewise erred in dismissing count II of the plaintiffs' third amended complaint.

The plaintiffs next contend that the circuit court erred in dismissing their claims for fraud as set forth in counts III and V of their third amended complaint. Lincoln National, citing *Barille v. Sears Roebuck & Co.*, 289 Ill. App. 3d 171, 176-77, 682 N.E.2d 118 (1997), initially responds, in a manner similar to its argument in relation to counts I and II of the third amended complaint, that the parol evidence rule and integration clause preclude the plaintiffs from asserting a cause of action for fraud. For the reasons stated in rejecting Lincoln National's argument that the integration clause bars the plaintiffs' claims for breach of contract, we also reject the argument as directed against counts III and V. Additionally, for the reasons that follow, we decline to follow *Barille*.

As a general rule, an integration clause will not preclude a plaintiff from relying upon extrinsic evidence in order to establish a cause of action for fraud. See *Vigortone AG Products, Inc. v. PM AG Products, Inc.*, 316 F.3d 641, 644 (7th Cir. 2002). Accord *Lewelling v. Farmers Insurance of Columbus, Inc.*, 879 F.2d 212, 216 (6th Cir. 1989); *Agri-Stor Leasing v. Farrow*, 826 F.2d 732, 736 n.6 (8th Cir. 1987) (applying Iowa law); *King v. Horizon Corp.*, 701 F.2d 1313, 1318 (10th Cir. 1983) (applying Colorado law); *Galmish v. Cicchini*, 90 Ohio St. 3d 22, 28, 734 N.E.2d 782, 790 (2000); *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997); *Downs v. Wallace*, 622 So. 2d 337, 341 (Ala. 1993); *Gilliland v. Elmwood Properties*, 301 S.C. 295, 302, 391 S.E.2d 577, 580-81 (1990); *Epperson v. Roloff*, 102 Nev. 206, 211, 719 P.2d 799, 802 (1986); *Brown v. Techdata Corp.*, 238 Ga. 622, 627, 234 S.E.2d 787, 792 (1977); *Bates v. Southgate*, 308 Mass. 170, 182, 31 N.E.2d 551, 558 (1941). The reason behind this rule is simple for, as explained by Judge Posner in *Vigortone*:

> "[F]raud is a tort, and the parol evidence rule is not a doctrine of tort law and so an integration clause does not bar a claim of fraud based on statements not contained in the contract. Doctrine aside, all an integration clause does is limit the evidence available to the parties should a dispute arise over the meaning of the contract. It has nothing to do with whether the contract was induced *** by fraud." *Vigortone*, 316 F.3d at 644.

■ In arguing against the plaintiffs' fraud claims, Lincoln National relies on *Barille*, which holds that an unambiguous integration clause may preclude a cause of action for fraud based on precontractual misrepresentations. See *Barille*, 289 Ill. App. 3d at 177. Contrary to *Barille* is the case of *Salkeld v. V.R. Business Brokers*, 192 Ill. App. 3d 663, 548 N.E.2d 1151 (1989). In *Salkeld*, the court held that the parol evidence rule " 'will not be permitted to be used for the accomplishment of fraud, or of injustice and wrong to others.' " *Salkeld*, 192 Ill. App. 3d at 674, quoting *Miller v. Whelan*, 158 Ill. 544, 555, 42 N.E. 59 (1895). *Barille* and *Salkeld* present two competing positions. However, neither decision contains any supporting rationale. In reconciling this conflict, Judge Posner found that, in the absence of any clear authority in either direction, the proper approach was to follow the general rule. *Vigortone*, 316 F.3d at 644. We agree and find the general rule as set forth in *Vigortone* and *Salkeld* to be the better approach. The parol evidence rule, as a doctrine of contract law, has no application to cases sounding in tort. We hold, therefore, that the presence of an integration clause in the agreement does not bar the plaintiffs' actions for fraud.

■ We turn now to the issue of whether the plaintiffs set forth a sufficient claim for fraudulent misrepresentation in count III of their third amended complaint. The elements of a claim for fraudulent misrepresentation are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584 (1996); *Miner v. Fashion Enterprises, Inc.*, 342 Ill. App. 3d 405, 420, 794 N.E.2d 902 (2003).

Here, the plaintiffs alleged in count III that during the due diligence investigation John Jensen, the former chairman and chief executive officer of Vincent, and an agent of Lincoln National, intentionally misrepresented to an agent of Northwest that the general agents contract was an asset of Vincent's. The plaintiffs further alleged that Lincoln National knew or should have known this representation to be false because the general agents contract had been assigned to Redman; that they justifiably relied upon this misrepresentation, which was made for the purpose of inducing their purchase of the Vincent stock; and they suffered damage in agreeing to a purchase price for Vincent's stock in reliance upon this misrepresentation. We find that these allegations properly state a cause of action for fraudulent misrepresentation. The complaint sets forth with specificity what the representations were, when they were made, by

whom they were made, and to whom they were made. See *Popp v. Dyslin*, 149 Ill. App. 3d 956, 961, 500 N.E.2d 1039 (1986). Therefore, the circuit court erred in dismissing count III.

Finally, in count V of their third amended complaint, the plaintiffs sought relief under a theory of fraudulent concealment. In order to state a claim for fraudulent concealment, a plaintiff must allege, in addition to the elements of fraud as set forth above, that the defendant concealed a material fact when it was under a duty to disclose to the plaintiff. *Connick*, 174 Ill. 2d at 500. The concealment of a material fact during a business transaction is actionable if "done 'with the intention to deceive under circumstances creating an opportunity and duty to speak.'" *Perlman v. Time, Inc.*, 64 Ill. App. 3d 190, 195, 380 N.E.2d 1040 (1978), quoting *Lagen v. Lagen*, 14 Ill. App. 3d 74, 79, 302 N.E.2d 201 (1973). A statement that is technically true may nevertheless be fraudulent where it omits qualifying material since a "half-truth" is sometimes more misleading than an outright lie. *Perlman*, 64 Ill. App. 3d at 195, quoting *St. Joseph Hospital v. Corbetta Construction Co.*, 21 Ill. App. 3d 925, 953, 316 N.E.2d 51 (1974).

Here, in count V of their amended complaint, the plaintiffs allege that Lincoln National represented the general agents contract as an asset of Vincent's even though they were aware that it had been previously assigned. Thus, as the plaintiffs allege, Lincoln National concealed a material fact during a business transaction as a device to mislead the plaintiffs. By representing that Vincent was a party to the general agents contract, Lincoln National not only misled the plaintiffs, but imposed upon itself a duty to disclose the assignment. See *Perlman*, 64 Ill. App. 3d at 195. We find that these allegations sufficiently state a cause of action for fraudulent concealment. The complaint sets forth, in addition to the elements of fraud as discussed in relation to count III, that Lincoln National concealed a material fact when it was under a duty to disclose. Therefore, the circuit court erred in dismissing count V.

For the foregoing reasons, we affirm the circuit court's dismissal of counts V, VI and VII of the plaintiffs' amended complaint and count VIII of the plaintiffs' third amended complaint, reverse the circuit court's dismissal of counts I, II, III and V of the plaintiffs' third amended complaint, and remand this cause for further proceedings.

Affirmed in part, reversed in part, and remanded.

HALL and KARNEZIS, JJ., concur.