Second Division
November 13, 2007

No. 1-06-0239

GARY ROSS,                              )    Appeal from the
                                        )    Circuit Court
        Plaintiff-Appellant,            )    of Cook County.
                                        )
                                        )
    v.                                  )    No. 04 L 005796
                                        )
MAY COMPANY d/b/a                       )    Honorable
Marshall Field'S and Company,           )    Abishi C. Cunningham
                                        )    Judge Presiding.
        Defendant-Appellee.             )

JUSTICE HALL delivered the opinion of the court:

Plaintiff-employee Gary Ross appeals from the trial court's order dismissing his third amended complaint pursuant to sections 2-615(a) and 2-619(a)(9) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615(a), 2-619(a)(9) (West 2002)). Plaintiff argues that defendant-employer, May Company, d/b/a Marshall Field's and Company, breached his employment contract when it wrongfully terminated him by failing to discharge him in accordance with terms set forth in defendant's 1968 employee handbook, which, he maintains, created an implied-in-fact employment contract between him and defendant. He also argues that his termination was in violation of certain oral representations made by an agent of defendants.

The pleadings, affidavit, and other documentary information presented to the trial court reveal the following facts relevant to this appeal. Plaintiff was suspended and later terminated

apparently as a result of drawing pictures depicting a female coworker in various violent situations.

Plaintiff drew stick figures depicting the coworker being electrocuted, boiled, guillotined, run over by a train, shot out of a canon, tied to a rocket, and standing precariously under a 10,000 pound weight. The coworker's son brought the pictures to the attention of defendant. Defendant suspended plaintiff and told him to see a psychologist.

Plaintiff alleged that after two visits, the psychologist found he was not a threatening individual and determined that he required no treatment other than perhaps treatment for suffering from depression as a result of the suspension and possible loss of a job he had held for nearly 40 years. Shortly thereafter, defendant terminated plaintiff.

Plaintiff claimed he was terminated without cause and was not afforded an appeal or review of the decision. Plaintiff sought recovery under a theory of breach of contract based upon the 1968 employee handbook. Plaintiff also sought recovery under a theory of promissory estoppel, contending that he reasonably relied on promissory language contained in the employee handbook and on certain oral representations made by defendant's agent.

The overriding issue in this appeal is whether, even if the 1968 employee handbook defendant issued to plaintiff gave rise to an employment contract altering plaintiff's status from an at-will employee to an employee who could only be terminated through

1-06-0239

the use of progressive discipline as articulated in the handbook, did disclaimers inserted in revised handbooks modify the employment contract and convert him to an at-will employee. Our review convinces us that the disclaimers did not modify plaintiff's employment contract because he received no consideration.

Under Illinois law, an employee hired without a fixed term is presumed to be an at-will employee whose employment may be terminated for any cause or reason, provided the employer does not violate clearly mandated public policy. *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 489, 505 N.E.2d 314 (1987). Our supreme court crafted an exception to this rule where " 'an employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present.' " *Vickers v. Abbott Laboratories*, 308 Ill. App. 3d 393, 407, 719 N.E.2d 1101 (1999), quoting *Duldulao*, 115 Ill. 2d at 490.

Three requirements must be met for an employee handbook or policy statement to form an employee contract. "First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to

work after learning of the policy statement." *Duldulao*, 115 Ill. 2d at 490. When these requirements are met, "then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed." *Duldulao*, 115 Ill. 2d at 490.

In this case, the trial court determined that promissory language set forth in the 1968 employee handbook defendant issued to plaintiff along with oral assurances of job security by defendant's agent created an employment contract between defendant and plaintiff, altering plaintiff's at-will status and binding defendant to certain procedures before it could terminate plaintiff's employment. However, the court went on to dismiss plaintiff's breach of contract claim pursuant to section 2-619(a)(9) of the Code, finding that disclaimers contained in revised employee handbooks issued to plaintiff served to invalidate his previously existing employment contract. The trial court also dismissed plaintiff's promissory estoppel claim pursuant to sections 2-615(a) and 2-619(a)(9) of the Code, concluding that disclaimer language set forth in revised employee handbooks issued to plaintiff made it impossible for him to establish that his reliance on defendant's agent's oral assurances of job security was reasonable.

Review of the record and relevant case law indicates the trial court erred in dismissing plaintiff's breach of contract claim pursuant to section 2-619(a)(9) of the Code. A motion to

1-06-0239

dismiss brought under this section of the Code admits the legal sufficiency of the claim but asserts an affirmative matter that defeats the claim or operates to avoid its legal effect. *Smith v. Waukegan Park District*, 373 Ill. App. 3d 626, 629, 869 N.E.2d 1093 (2007). Affirmative matter in this context "encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993). If a cause of action is dismissed pursuant to a section 2-619(a)(9) motion, the question on appeal is whether the "existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116-17. Our standard of review is *de novo*. *Adams v. American International Group, Inc.*, 339 Ill. App. 3d 669, 673, 791 N.E.2d 26 (2003).

The affirmative matter defendant raises in this case is disclaimer language inserted in revised handbooks issued to plaintiff in 1987 or 1989. Defendant maintains that disclaimers set forth in employee handbooks issued to plaintiff in the late 1980s unilaterally modified plaintiff's employment contract, converting him to an at-will employee. Plaintiff counters that the disclaimers did not modify his employment status because they were not supported by consideration.

The trial court determined that new benefits defendant

offered to plaintiff and his coemployees in 1990 constituted consideration for the unilateral modification of plaintiff's employment contract. The new benefits consisted of paid personal days, short, and long-term disability, an insurance reimbursement plan, and a supplemental retirement savings plan. Plaintiff accepted the new benefits and enrolled in the new long-term disability plan and in the enhanced supplemental retirement savings plan. The trial court found that plaintiff benefitted from the new employee benefits while there was a detriment to defendant in that it incurred costs in implementing the new benefits.

Plaintiff acknowledges that he experienced a benefit by receiving the enhanced pension and other new benefits. However, he maintains that the new benefits he received from defendant did not serve as consideration supporting the unilateral modification of his employment contract because they were offered to all eligible employees and there was never any bargained-for exchange between him and defendant in which he agreed to modify or terminate his contract rights in exchange for the benefits. We agree.

"[M]odification of a contract is a change in one or more respects that introduces new elements into the details of the contract and cancels others, but leaves the general purpose and effect undisturbed." *Nebel, Inc. v. Mid-City National Bank of Chicago*, 329 Ill. App. 3d 957, 964, 769 N.E.2d 45 (2002). "[N]o

contract can be modified [or amended] in *ex parte* fashion by one of the contracting parties without the knowledge and consent of the remaining party to the agreement." *Schwinder v. Austin Bank of Chicago*, 348 Ill. App. 3d 461, 469, 809 N.E.2d 180 (2004). "A valid modification must satisfy all criteria essential for a valid contract, including offer, acceptance, and consideration." *Nebel, Inc.*, 329 Ill. App. 3d at 964; *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 113, 708 N.E.2d 1140 (1999).

The essential element of consideration is a bargained-for exchange of promises or performances that may consist of a promise, an act, a forbearance, or the creation, modification, or destruction of a legal relation. Restatement (Second) of Contracts §71 (1981); *Martin v. Federal Life Insurance Co.*, 109 Ill. App. 3d 596, 601, 440 N.E.2d 998 (1982). A bargained-for exchange exists if one party's promise induces the other party's promise or performance. *Boomer v. AT & T Corp.*, 309 F.3d 404, 416 (7th Cir. 2002) (applying Illinois law).

"A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." *Hartbarger v. SCA Services, Inc.*, 200 Ill. App. 3d 1000, 1012, 558 N.E.2d 596 (1990), quoting Restatement (Second) of Contracts §71, at 172 (1981). In the employer-employee context, consideration will be found when an employer and its employees make a "bargained for exchange to support [the employees'] *** relinquishment of the

protections they were entitled to under the existing contract." *Doyle v. Holy Cross Hospital*, 289 Ill. App. 3d 75, 80 (1997), *aff'd*, 186 Ill. 2d 104, 708 N.E.2d 1140 (1999).

Here, defendant does not contend that it bargained for plaintiff to modify his employment status and become an at-will employee. In this case, there was no bargained-for exchange, and no promises were made where plaintiff agreed to relinquish his contractual rights in exchange for the new benefits. The additional benefits, which were offered in 1990, were in no way related to, bargained for, or referenced to any preexisting contractual rights; the benefits were offered to all eligible employees whether or not they possessed contractual rights.

Defendant acted unilaterally, not in a bargained-for exchange, when it offered the additional benefits to its employees. No consideration flowed from defendant to plaintiff to compensate him for relinquishing the protections he enjoyed under the 1968 employee handbook. Under these circumstances, the additional benefits defendant offered plaintiff and his coemployees did not constitute consideration for the unilateral modification of plaintiff's employment contract. See *Robinson v. Ada S. McKinley Community Services, Inc.*, 19 F.3d 359 (7th Cir. 1994) (employer's issuance of a revised employee handbook containing a disclaimer did not have the effect of modifying an original employment contract in the absence of a bargained-for exchange).

"In the typical bargain, the consideration and the promise bear a reciprocal relation of motive or inducement: the consideration induces the making of the promise and the promise induces the furnishing of the consideration." Restatement (Second) of Contracts §71, Comment *b*, at 173 (1981). Here, there was no reciprocal agreement or consideration.

When defendant distributed the 1987/1989 revised handbooks containing the disclaimers allowing for the unilateral modification or termination of plaintiff's employment contract, it did not bargain with him or other pre-1987 employees who had contractual rights under the old employee handbooks, did not ask for or obtain their assent, and did not purport to provide any consideration other than their continued employment. However, our courts have determined that mere continued employment, standing alone, does not constitute consideration supporting the unilateral modification of an existing employment contract. *Doyle*, 186 Ill. 2d at 113-14. In sum, the trial court erred in dismissing plaintiff's breach of contract claim pursuant to section 2-619(a)(9) of the Code.

Before leaving this issue, we note that defendant has expressed concern that adopting plaintiff's arguments would lead to a logistical nightmare for employers where they would be required to individually bargain with each employee any time they wished to change policies or give better benefits. Defendant's concerns are exaggerated.

1-06-0239

Our decision is not novel.  It is well settled that a contract, once made, must be performed according to its terms and that any modification of those terms must be made by mutual assent and for consideration. *Lindsey v. Rosen*, 255 Ill. App. 21, 26 (1929).  In addition, we find instructive the approach taken by another jurisdiction that has considered the issue. See *Brodie v. General Chemical Corp.*, 934 P.2d 1263, 1268 (Wyo. 1997) (employer's concern about negotiating employment contracts on an individual basis not significant enough to risk employees losing their valuable contract rights if employer were allowed to unilaterally modify handbook provisions and restore employees to at-will status without additional consideration to employees).

In regard to plaintiff's promissory estoppel claim, review of the record and relevant case law indicates the trial court did not err in dismissing this claim pursuant to sections 2-615(a) and 2-619(a)(9) of the Code.  "A motion to dismiss brought pursuant to section 2-615(a) of the Code attacks the legal sufficiency of the complaint based on defects apparent on the face of the complaint." *W.W. Vincent & Co. v. First Colony Life Insurance Co.*, 351 Ill. App. 3d 752, 756, 814 N.E.2d 960 (2004).

The question to be decided when ruling on such a motion is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *W.W. Vincent & Co.*, 351 Ill. App. 3d at 757.  "A cause of action should be

-10-

dismissed pursuant to a section 2-615 motion only if it is clearly apparent that no set of facts can be proven which will entitle the plaintiff to recovery." *Byung Moo Soh v. Target Marketing Systems, Inc.*, 353 Ill. App. 3d 126, 129, 817 N.E.2d 1105 (2004). Again, our standard of review is *de novo*. *Adams*, 339 Ill. App. 3d at 673.

Promissory estoppel is "an equitable device invoked to prevent a person from being injured by a change in position made in reasonable reliance on another's conduct." *Kulins v. Malco, a Microdot Company, Inc.*, 121 Ill. App. 3d 520, 527, 459 N.E.2d 1038 (1984). To establish a claim based upon promissory estoppel, a plaintiff must allege and prove that "(1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 310, 565 N.E.2d 990 (1990). A plaintiff's reliance must be reasonable and justifiable. *Quake Construction, Inc.*, 141 Ill. 2d at 310.

In his promissory estoppel claim, plaintiff alleged that he detrimentally relied on a manager's statements that he would remain employed as long as he wanted to work. The trial court determined that based upon these allegations, plaintiff had not sufficiently alleged the elements for promissory estoppel because he could not establish that he reasonably relied upon the

statements in foregoing other possible employment opportunities, where every employee handbook issued to plaintiff since 1990 contained an explicit disclaimer informing employees that the only person who could alter their employment status was the senior vice president of human resources. The trial court also held that plaintiff was unable to satisfy the third element of promissory estoppel because he could not establish that defendants would have expected or foreseen that he would rely on the statements where disclaimers in every handbook plaintiff received since 1990 contained an explicit disclaimer informing employees that the only person who could alter their at-will employment status was the senior vice president of human resources. The record indicates the trial court did not err on this issue.

Accordingly, for the reasons set forth above, we affirm that portion of the circuit court's order dismissing plaintiff's promissory estoppel claim pursuant to sections 2-615(a) and 2-619(a)(9) of the Code; we reverse that portion of the circuit court's order dismissing plaintiff's breach of contract claim pursuant to section 2-619(a)(9) of the Code, and we remand the cause for further proceedings consistent with this order.

Affirmed in part and reversed in part; cause remanded.

HOFFMAN, P.J., and SOUTH, J., concur.