NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Argued January 16, 2013
Decided May 24, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

ROBERT L. MILLER, JR., *District Judge*[*]

No. 11-3517

| | |
|---|---|
| RBS CITIZENS, N.A., doing business as CHARTER ONE, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee,* | |
| *v.* | No. 1:11-cv-01820 |
| SANYOU IMPORT, INCORPORATED, *et al.,* | Charles P. Kocoras, *Judge.* |
| *Defendants-Appellants.* | |

## O R D E R

Invoking the federal courts' diversity jurisdiction, a bank sued a borrower and a guarantor for their failure to repay a commercial loan.  The plaintiff lender is RBS Citizens, N.A., which

---

[*]The Honorable Robert L. Miller, Jr. of the Northern District of Indiana, sitting by designation.

does business as Charter One. The defendant borrower is Sanyou Import, Inc., and the guarantor is Jian Qiang Yang. The district court granted Charter One's motion for summary judgment, and both Sanyou Import and Yang have appealed. We affirm.

## I. *The Undisputed Facts and Procedural Background*

On March 30, 2005, Charter One entered into a loan transaction with Sanyou Import and Yang. Sanyou Import borrowed $100,000 from the bank to fund its real estate ventures. Yang signed the loan agreement and note on behalf of Sanyou Import as its president, and he also personally guaranteed the loan in his individual capacity. The guaranty that Yang signed stated that he was personally liable for all of Sanyou Import's obligations to Charter One. It also stated that Charter One need not proceed first against Sanyou Import or any security before proceeding against Yang for repayment of the loan.

The loan documents required Sanyou Import and Yang to repay the loan whenever Charter One made a demand, meaning Sanyou Import would not need to be in default for Charter One to order repayment of the loan. Sanyou Import, however, failed to make payments when due under the note, and Charter One demanded full repayment of the loan by sending a notice to both Sanyou Import and Yang. Neither paid in response to the demand.

Charter One then filed this suit against Sanyou Import and Yang, seeking damages of $109,450.14, which includes the outstanding principal owing on the loan, accrued interest, late fees, and collection costs. Sanyou Import and Yang filed a joint answer, asserting several counterclaims and affirmative defenses. The district court dismissed all of the counterclaims and struck all but one affirmative defense. The surviving defense was "bad faith," and the district judge allowed it to the extent it constituted an independent defense under Illinois law.

Charter One later moved for summary judgment and submitted a statement of undisputed material facts pursuant to Northern District of Illinois Local Rule 56.1(a), laying out the essentials of the loan transaction and the defendants' failure to pay on demand. In opposition to summary judgment, appellants Sanyou Import and Yang argued that Charter One breached a duty of good faith and fair dealing and based their argument on additional facts. Appellants did not, however, comply with Local Rule 56.1. They did not submit a separate statement contesting Charter One's statement of facts or asserting additional undisputed facts supported by citations to evidence in the record.

Without supporting evidence, appellants claimed that Stephanie Li Cheung, the Charter One employee who assisted with the loan, assured Yang before he signed the loan documents that he would not assume any risk for personally guaranteeing the loan. They further claimed that Li Cheung knew the loan was for the personal use of Sanyou Import's owners, Gang Bai and Li Ma, rather than for Sanyou Import's business use. Appellants also claimed that Bai and

Ma pledged their own property as collateral for the loan and that Charter One, instead of using their property to secure the $100,000 loan, wrongfully used the equity in that property later to secure a separate loan to Bai and Ma.

Appellants did not support any of these allegations by submitting affidavits or declarations to the district court, and they did not verify that the allegations in their answer were made on personal knowledge. However, they had previously attached to their answer two documents that purportedly support their allegations. The first was Ma's affidavit, which stated that Yang borrowed the $100,000 on behalf of Sanyou Import and that Bai and Ma used their property "as collateral to secure [the] transaction." The Ma affidavit also referred vaguely to the fact that Bai and Ma later obtained another loan, presumably using the same property as collateral. The second was an agreement between Yang and Sanyou Import's owners stating that Yang, on behalf of Sanyou Import, promised to borrow $100,000 for the use of Bai and Ma, who promised in return to pledge their property to Yang as collateral. Li Cheung's official notary seal appears on the face of the document, and her business card is attached on another page.

The district court granted Charter One's summary judgment motion, holding that appellants failed to present evidence properly contesting Charter One's breach of contract claim or supporting their affirmative defense that Charter One breached a duty of good faith and fair dealing.

## II. *Discussion*

We review *de novo* the district court's grant of summary judgment. *Good v. Univ. of Chicago Med. Ctr.*, 673 F.3d 670, 673 (7th Cir. 2012). Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Appellants contend on appeal that the district court erred in granting summary judgment because there are genuine issues of fact concerning: (1) whether Yang had authority to bind Sanyou Import to the contract, (2) whether Li Cheung told Yang that signing the guaranty would not make him personally liable on the loan, (3) whether Li Cheung knew, and thus whether Charter One knew, that the loan was for Bai and Ma's personal use, (4) whether Charter One failed to secure the loan with Bai and Ma's property, and (5) whether Charter One later used the equity in that property to secure another loan to Bai and Ma. Appellants also argue that the district court prematurely granted summary judgment before they were able to conduct discovery.

These arguments fail for both procedural and substantive reasons. The procedural reason is that Sanyou Import and Yang failed to comply with Local Rule 56.1 and submitted no actual evidence that genuine issues of material fact precluded summary judgment. Charter One, as

the moving party, filed a proper motion for summary judgment supported by evidence backing up its Local Rule 56.1 statement of undisputed facts. Charter One showed that it had a contract with Sanyou Import and Yang, that it loaned the money to Sanyou Import, and that Sanyou Import and Yang breached the contract by failing to pay upon demand. These facts satisfied the elements for a breach of contract claim under Illinois law. See generally *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. 2004) (stating elements for breach of contract).

Northern District of Illinois Local Rule 56.1(b)(3) states: "Each party opposing a motion filed pursuant to Fed. R. Civ. P. 56 shall serve and file . . . a concise response to the movant's statement . . . . All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. L.R. 56(b)(3). Sanyou Import and Yang, the non-moving parties, failed to respond to the moving party's Local Rule 56.1 statement of undisputed material facts, so the district court properly deemed as admitted the moving party's version of the facts, which was supported by evidence in the record. On these facts, and even if we draw all reasonable factual inferences in favor of the non-moving parties, *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012), the district court properly concluded that Charter One established as a matter of law that the appellants were liable on the loan.

Even if we looked past appellants' fatal procedural failure to comply with Local Rule 56.1 and considered the affidavit and other documents attached to the appellants' answer, we would affirm on the merits. No evidence creates a question of Charter One's right to relief on its breach of contract claim or the existence of an affirmative defense that Charter One breached a duty of good faith and fair dealing. We briefly address the appellants' arguments.

Appellants argue first that Yang did not have authority to execute the loan documents for Sanyou Import. They cite the agreement between Bai and Ma on one side and Yang on the other, attached to their answer, which stated that Bai and Ma promised to pledge their property as collateral if Yang borrowed $100,000 for Bai and Ma's use. The argument has no basis. The agreement states that Yang acted as "legal representative" of Sanyou Import, and the loan agreement, note, and Sanyou Import's filings with the Illinois Secretary of State, which are also attached to appellants' answer, state plainly that Yang was the company's president. We could draw no reasonable inference to the contrary, and no evidence otherwise establishes a genuine issue of material fact regarding Yang's authority to bind Sanyou Import to its agreement with Charter One.

Appellants next argue that the loan agreement, note, and guaranty are unenforceable because Charter One made false statements that induced Yang to sign them. They contend that Li Cheung, in her capacity as facilitator of the loan transaction, told Yang that he would not be personally liable for repaying the loan. However, appellants submitted no affidavit or

declaration made on personal knowledge supporting this allegation. Nor have they verified that they made the statements in their answer upon personal knowledge, and no evidence otherwise supports it. Appellants cannot avoid summary judgment by relying on mere allegations in unverified pleadings. *Price v. Rochford*, 947 F.2d 829, 832 (7th Cir. 1991).[1]

Appellants also contend that Charter One breached a duty of good faith. Illinois courts do not generally consider the implied covenant of good faith and fair dealing an independent source of duties. *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 902-04 (Ill. 1996); see also *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1445 (7th Cir. 1992) (finding "the implied covenant of good faith and fair dealing does not create 'an enforceable legal duty to be nice or to behave decently in a general way'"), quoting *Zick v. Verson Allsteel Press Co.*, 623 F. Supp. 927, 929 (N.D. Ill. 1985). Rather, it is a rule that guides interpretation of an express term in an agreement that is susceptible to more than one interpretation. Illinois courts use the rule to prevent one party from depriving another of the right to receive the benefit of the contract in a way the parties could not have contemplated at the time of drafting. *Cramer*, 675 N.E.2d at 903 ("Every contract implies good faith and fair dealing between the parties to it, and where an instrument is susceptible of two conflicting constructions, one which imputes bad faith to one of the parties and the other does not, the latter construction should be adopted."), quoting *Martindell v. Lake Shore Nat'l Bank*, 154 N.E.2d 683, 690 (Ill. 1958).

The duty of good faith requires a party to which the contract gives discretion to exercise that discretion reasonably, but the duty does not apply if the contract does not vest a party with discretion. *Bank One, Springfield v. Roscetti*, 723 N.E.2d 755, 764 (Ill. App. 1999). A creditor must inform a guarantor of facts that the creditor reasonably believes are unknown to the guarantor and that materially increase the guarantor's risk beyond what the creditor reasonably believes the guarantor intends to assume. *Id.* However, "parties to a contract are entitled to enforce its terms to the letter, and an implied covenant of good faith cannot overrule or modify the express terms of a contract." *Id.* In other words, "an express term to the contrary will obviate [the] duty" to disclose unknown facts to a guarantor. *Id.* at 767.

To support their defense of a breach of good faith, appellants rely on the Ma affidavit and agreement between Bai and Ma and Yang (attached to their answer but not cited in a Local Rule 56.1 submission) to advance three distinct arguments: (1) that Li Cheung knew about the agreement in which Bai and Ma promised to pledge their property as collateral for the loan, which is demonstrated by the presence of her official notary seal and business card; thus, she knew the loan was for personal rather than business purposes because Yang promised to

---

[1]To the extent that appellants extend this argument to their affirmative defense that Charter One breached a duty of good faith and fair dealing, it fails for the same reason — a complete lack of supporting evidence.

provide the loan to Bai and Ma personally under that agreement; (2) that Charter One improperly failed to secure the loan with Bai and Ma's property; and (3) that Charter One subsequently used the remaining equity in the property as collateral for another loan to Bai and Ma.

Neither Ma's affidavit nor the supposed agreement between Bai and Ma and Yang raises material factual disputes. Even if we assume that Charter One knew the loan was for personal rather than business use, failed to secure the loan, and later used the equity in Bai and Ma's property to secure another loan, those facts would have no bearing on a defense that Charter One breached a duty of good faith and fair dealing. Sanyou Import and Yang do not claim that there is any ambiguous provision in the contract or that Charter One used terms of the contract to deny them its benefits in a manner that the parties could not have expected at the time of drafting. Sanyou Import and Yang make no argument that the contract provides Charter One with any discretion or that Charter One unreasonably exercised its discretion to call the loan. The duty of good faith and fair dealing does not apply.

Additionally, at least concerning Yang, any argument that Charter One acted unfairly by later encumbering the property of Bai and Ma fails because the express terms of the guaranty provide otherwise. Charter One was not required to proceed first against Sanyou Import or any "security" before proceeding against Yang. Even if Charter One impaired the equity in Bai and Ma's property, that would not affect Yang's liability.[2]

On a related note, Charter One did not assume a duty to secure the loan with Bai and Ma's property because it was not a party to the agreement between Bai and Ma and Yang. Bai and Ma promised Yang, not the bank, that they would use their property as collateral to protect Yang from personal liability. Charter One made no such promise to Yang. More precisely, Bai and Ma allegedly secured Yang's *guaranty* with their property; the bank did not purport to secure the *loan* with it. Charter One's alleged use of that property to secure another loan did not violate any agreement, express or implied, between Charter One and either of the appellants. See *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. 2004) ("Only a duty imposed by the terms of a contract can give rise to a breach.").

Appellants' final argument is that the district court erred by granting summary judgment before allowing them enough time to conduct discovery to respond to Charter One's summary judgment motion. Where the non-moving party fails to request a continuance pursuant to

---

[2]The district court held that all of appellants' arguments related only to Yang and not to Sanyou Import. Appellants do not expressly contest this on appeal. Because the duty of good faith and fair dealing does not apply at all, we need not decide whether their arguments extend to both Sanyou Import and Yang.

Rule 56(d), it is not error for a district court to rule on a motion for summary judgment. *Vachet v. Central Newspapers, Inc.*, 816 F.2d 313, 317 (7th Cir. 1987) (applying former Rule 56(f)). Because appellants filed no Rule 56(d) affidavit in the district court requesting additional time, the district court did not abuse its discretion in deciding the motion without delay. *Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co.*, 826 F.2d 725, 726-27 (7th Cir. 1987) (applying former Rule 56(f)).

The judgment of the district court is AFFIRMED.