In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 12-3041 & 12-3153

SHARON LASKIN, *et al.*,

*Plaintiffs-Appellants,*
*Cross-Appellees,*

*v.*

VERONICA SIEGEL, INDIVIDUALLY, AND
AS TRUSTEE OF THE PHILLIP SIEGEL
REVOCABLE TRUST DATED AUGUST 28,
1998, AND AS EXECUTOR OF THE
ESTATE OF PHILLIP P. SIEGEL,

*Defendant-Appellee,*
*Cross-Appellant,*

and

SMS SERVICES, LLC, *et al.*,

*Defendants-Appellees.*

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 C 03749 — **Edmond E. Chang**, *Judge.*

ARGUED JUNE 5, 2013 — DECIDED AUGUST 29, 2013

Before EASTERBROOK, *Chief Judge*, and BAUER and Hamilton, *Circuit Judges*.

BAUER, *Circuit Judge.* In 1991, Jefco Laboratories terminated its Profit Sharing Plan. More than seventeen years later, Susan Laskin and Susan Isaacson filed suit under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, alleging that their rights were violated when the Jefco Laboratories' Profit Sharing Plan was terminated without distributing benefits to them. The district court granted summary judgment to the Defendants. We affirm.

## I. BACKGROUND

In 1966, Sharon Laskin began working for Jefco Laboratories. As a Jefco employee, Laskin participated in the company pension plan. Laskin worked for Jefco until 1974, and by then, had accumulated a fully vested retirement account balance of $5,976.09. After Laskin parted ways with the company, her account stopped growing at the "market rate" and started accruing at the "passbook rate"—the amount of interest earned on money deposited for one year in an ordinary savings account.

Shortly after Laskin left the company she contacted Philip Siegel, a trustee of the company pension plan, and asked if she could withdraw the funds in order to buy real estate. In April 1976, Philip Siegel sent Laskin a letter explaining that her account would accrue interest at the passbook rate and also notified her that the plan had been amended in 1975, and the retirement eligibility age had increased from fifty-five to sixty-five.

Over the next ten years, Laskin received account statements of her assets in the pension plan. The statements indicated that she was receiving anywhere from 5% to 5.5% interest on her balance. In 1988, Laskin contacted the controller of Jefco to update her contact information and ask for an updated account statement. The updated statement Laskin received indicated that as of March 31, 1988, her account balance was $12,602.86.

The pension plan dissolved on December 31, 1991. In September 2008, seventeen years after the pension plan dissolved, Laskin contacted Jeffrey Siegel, Philip Siegel's son, to discuss her retirement account. (Jeffrey purchased Philip's interest in Jefco in 1994.) Laskin faxed Jeffrey documentation of her pension account and requested an updated account balance. Jeffrey informed Laskin that the pension plan had been dissolved, and its funds had been completely disbursed, and that she did not receive a payout because she could not be located.

In December 2008, Laskin contacted the Department of Labor, which advised Laskin to send a letter to Philip that sought to "officially appeal" the denial of her claim. In February 2009, Philip sent Laskin a letter that explained he was no longer in charge of Jefco because he had sold his interest to his son Jeffrey. In June 2009, Laskin filed suit against Philip, Jefco, the pension plan, and an unnamed pension plan administrator alleging breach of fiduciary duty under ERISA. One year later, Laskin amended the complaint to include Jeffrey and his company, SMS Services, and add an additional plaintiff, Susan

Isaacson. Isaacson is the widow of another pension plan beneficiary who also never received a payout.[1]

Philip Siegel died in November 2010. In June 2011, Laskin amended the complaint a second time, and replaced Philip with Veronica Siegel—the trustee of Philip's estate. SMS Technology and Vanguard Individual Retirement Account 29847011 (where Philip allegedly deposited the pension plan's assets) were also added as defendants.

On January 13, 2012, Laskin moved for summary judgment on all counts of the Second Amended Complaint. The Defendants also moved for summary judgment, claiming Laskin and Isaacson's claims were barred by ERISA's statute of limitations contained in 29 U.S.C. § 1113. On August 6, 2012, the district court denied Laskin's motion for summary judgment and granted the Defendants' motion for summary judgment, finding that all of Laskin and Isaacson's claims were time barred. Laskin and Isaacson appeal the district court's order granting summary judgment in favor of the Defendants, and the Defendants cross-appeal challenging the denial of their motion for attorneys' fees and costs.

## II. DISCUSSION

Since this appeal comes to us from cross-motions for summary judgment, we review the district court's findings *de novo*. *Wis.Cent.,Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008) (internal citations omitted). As with any summary judgment motion, we review cross-motions for summary judgment

---

[1] Although we only address Laskin's claims specifically, the same reasoning and statute of limitations apply to Isaacson's claims.

"construing all facts, and drawing all reasonable inferences from those facts, in favor of the non-moving party." *Id.*

One of the few undisputed facts in this case is that Jefco's pension plan dissolved in 1991. The Defendants argue that because the plan dissolved over seventeen years ago, Laskin's claims are time barred by ERISA's statute of limitations. Laskin, on the other hand, argues that even if the statute of limitations has run, we should grant an exception due to the Defendants' fraudulent concealment.

The statute of limitations for a claim of breach of fiduciary duty under ERISA is controlled by 29 U.S.C. § 1113:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the *earlier of*:
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

We first consider whether Laskin's lawsuit was filed within the limitations period set forth in 29 U.S.C. § 1113(1) and(2). The last act or omission in this case occurred in 1991 when the pension plan was terminated—six years after that would be 1997. Laskin learned that she would not be receiving a payout under her plan—the breach in this case—in September 2008, three years after that would be September 2011. Section 1113 requires that the earlier of those two dates (September 2011 and 1997) be used, therefore, the limitations period expired in 1997. As Laskin points out, however, the statute does allow an exception under the limitations period in instances of fraud or concealment. *See Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1093 (7th Cir. 1992). Under those circumstances, the statute of limitations period allows an action to be commenced six years after the plaintiff actually learned of the breach. According to Laskin, as a result of Philip's fraudulent concealment, she did not discover that her pension plan would not pay her any benefits until September 2008; therefore, she argues her suit was filed well within the prescribed statute of limitations period under § 1113—discovery of the breach (September 2008) plus six years (September 2014).

In order to extend the statute of limitations period, however, Laskin must first show that fraud or concealment actually occurred. An ERISA fiduciary commits fraud or concealment by delaying a wronged beneficiary's discovery of his claim either by misrepresenting the significance of facts the beneficiary is aware of (fraud) or by hiding facts so that the beneficiary does not becomes aware of them (concealment). *Radiology Ctr., S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1220 (7th Cir. 1990). Here, Laskin contends that Philip Siegel engaged in such

concealment when he told her the eligibility age under the fund increased from 55 to 65. However, the record reflects that the retirement eligibility age of the pension fund was increased in 1975 by an amendment to the pension plan and Philip sent Laskin a letter informing her of that fact in 1976. We see no concealment there. Next, Laskin argues that Phillip concealed the fact that the pension plan was dissolved, and also failed to send Laskin Summary Plan Descriptions as required under 29 U.S.C. § 1022, but a finding of concealment requires evidence that a defendant took affirmative steps to hide the violation itself. *Radiology Ctr.*, 919 F.2d at 1220, and Laskin has not offered any evidence—circumstantial or otherwise—that Philip concealed pension plan information from her. Rather, Laskin is asking us to infer that Philip engaged in concealment based upon the sole fact that she claims that she never received any updates on her plan.

Laskin also offers no evidence of fraud. There are two types of fraud: (1) overt acts that misrepresent the significance of facts of which the beneficiary is aware; and (2) underlying ERISA violations that are self-concealing. *Maring*, 966 F.2d 1094. Laskin has produced no evidence that the ERISA violation involved some "trick or contrivance intended to exclude suspicion and prevent injury." *Id* at 1095.

Simply put, Laskin has failed to meet her burden to show fraud or concealment occurred in this case and the district court correctly found that the limitations period in § 1113 applies. Since 1997 was the last time Laskin could have brought this action, her claims against the Defendants are time barred and we need not address the merits.

However, we must address the Defendant's cross-appeal of the district court's denial with prejudice of their motion for attorneys' fees and costs, filed by Veronica Siegel pursuant to 29 U.S.C. § 1132(g)(1) as well as Federal Rule of Civil Procedure 54(d). We will reverse a district court's denial of a motion for fees and/or costs, under either provision, only in the case of an abuse of discretion. *See Holmstrom v. Metropolitan Life Ins. Co.*, 615 F.3d 758, 779 (7th Cir. 2010). The district court acknowledged that the Defendants were entitled to a "modest presumption" that they would recover fees and costs under ERISA, *see, e.g.*, *Herman v. Central States, Se. & Sw. Areas Pension Fund*, 423 F.3d 684, 695–96 (7th Cir. 2005), however, the district court declined to do so because it concluded that Laskin's suit was justified—but untimely. The district court also noted that the Defendants only offered "the barest of arguments" in support of their motion for attorneys' fees and costs and concluded that it would be unfair to require Laskin to even respond to the motion as drafted. The district court's decision falls well within the bounds of its discretion.

## III.  CONCLUSION

We AFFIRM.